**Ferencz M. SELLEY, Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

No. 92–1112.

United States Court of Veterans Appeals.

Feb. 8, 1994.

Ferencz M. Selley, pro se.

Robert E. Coy, Acting Gen. Counsel, Norman G. Cooper, Asst. Gen. Counsel, R. Randall Campbell, Deputy Asst. Gen. Counsel, and Susan A. Wuchinich were on the brief for appellee.

Before KRAMER, IVERS, and STEINBERG, Judges.

IVERS, Judge, filed the opinion of the Court in which KRAMER, Judge, joined.

STEINBERG, Judge, filed a concurring opinion.

IVERS, Judge:

Ferencz M. Selley appeals a July 3, 1992, decision of the Board of Veterans' Appeals (BVA or Board) denying basic eligibility for VA benefits. *Ferencz M. Selley*, BVA 92–_____ (July 3, 1992). The Court has jurisdiction over the case pursuant to 38 U.S.C. § 7252(a). For the reasons set forth below, we will affirm the July 3, 1992, decision of the BVA.

## I. FACTUAL BACKGROUND

Appellant recounts that on January 24, 1945, a commandant with the Soviet Army ordered him to help clear a school building in Gacs, Hungary, for use as a military facility. R. at 10, 33–34. Upon entering the school building, appellant stepped on either a mine or a grenade, which then detonated and blew off his right foot. R. at 35–36, 47. Having fled from Hungary because of his participation in the 1956 revolution against the government, appellant came to the United States in 1967. R. at 38.

On August 16, 1990, appellant applied to a VA regional office (RO) for disability compensation based on an amputation of the right foot. R. at 11–12. On January 16, 1991, the RO notified appellant that he did not have the requisite qualifying service for

receipt of compensation. R. at 22. A personal hearing was held before the RO on February 11, 1992. R. at 32. On February 18, 1992, the RO hearing officer continued the denial of eligibility for disability compensation benefits. R. at 42. On July 30, 1992, the Board found that appellant's claim for VA disability compensation benefits was not well grounded. *Selley*, BVA 92-___, at 3.

## II. ANALYSIS

■ At the time of his wartime injury, Mr. Selley was living in Gacs, Hungary, a town situated near the Hungarian border with Czechoslovakia. He does not allege that he was a member of the Armed Forces of the United States. There is thus no evidence that he was a "veteran" for purposes of eligibility for VA disability compensation under 38 U.S.C. §§ 101(2), 1110, 1131 (definition of "veteran"; wartime and peacetime disability entitlements under chapter 11). There is no other basis on which he could receive VA disability compensation. *Cf.* 38 U.S.C. § 107 (deeming certain service of World War II veterans of the Commonwealth of the Philippines not to be active service for disability compensation purposes).

Although the concurring opinion would have us refuse to examine Mr. Selley's claim beyond this point, it is clear from the record and from the unusual factual circumstances (Mr. Selley was a 13–year–old civilian citizen of Hungary who was injured in a town on the Czechoslovakian–Hungarian border while following the instructions of a Russian Army officer. He eventually moved to the United States where he became a naturalized citizen.) that Mr. Selley brought these facts to the VA and asked that he be awarded whatever benefit or benefits he might qualify for. These ingredients are far different than those required for the type of "stew" so eloquently referred to in the concurring opinion. The Board properly considered and specifically adjudicated several different categories of benefits—that is, 38 U.S.C. § 109(b) and (c)—that are available to qualifying veterans of the armed forces of certain foreign countries. *Selley*, BVA 92-___, at 3. In that regard, 38 U.S.C. § 109(b) provides:

Persons who served in the active service in the armed forces of any government allied with the United States in World War II and who at time of entrance into such active service were citizens of the United States shall, by virtue of such service, and if otherwise qualified, be entitled to the benefits of chapters 31 [training and rehabilitation] and 37 [housing and small business loans] of this title in the same manner and to the same extent as veterans of World War II are entitled. No such benefit shall be extended to any person who is not a resident of the United States at the time of filing claim, or to any person who has applied for and received the same or any similar benefit from the government in whose armed forces such person served.

Certain VA health care benefits are available under 38 U.S.C. § 109(c)(1), which provides:

Any person who served during World War I or World War II as a member of any armed force of the Government of Czechoslovakia or Poland and participated while so serving in armed conflict with an enemy of the United States and has been a citizen of the United States for at least ten years shall, by virtue of such service, and upon satisfactory evidence thereof, be entitled to hospital and domiciliary care and medical services within the United States under chapter 17 of this title to the same extent as if such service had been performed in the Armed Forces of the United States unless such person is entitled to, or would, upon application thereof, be entitled to, payment for equivalent care and services under a program established by the foreign government concerned for persons who served in its armed forces in World War I or World War II.

Therefore, if appellant were seeking entitlement to benefits under section 109(b) or (c), he would have to satisfy the criteria laid out in these statutory provisions.

The statutes in question are clear and require no interpretation. *See Good Samaritan Hosp. v. Shalala,* ___ U.S. ___, ___, 113 S.Ct. 2151, 2157, 124 L.Ed.2d 368 (1993); *Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 842, 104 S.Ct. 2778, 2781, 81 L.Ed.2d 694 (1984);

*Brooks v. Brown,* 5 Vet.App. 484, 485 (1993); *Gardner v. Derwinski,* 1 Vet.App. 584, 587–88 (1991) (citing *Lewis v. United States,* 92 U.S. 618, 23 L.Ed. 513 (1876)), *aff'd sub nom. Gardner v. Brown,* 5 F.3d 1456 (Fed.Cir. 1993); 2A NORMAN J. SINGER, SUTHERLAND STATUTORY CONSTRUCTION § 46.01 (Sands 4th ed.).

■ To qualify for benefits under section 109(b), an individual (a) must have served with a government allied with the United States in World War II, (b) must have been a United States citizen at the time of entry into such active service, (c) must be a United States resident at the time of filing a claim with the VA, and (d) must not have applied for and received the same or similar benefits from the government of the armed forces in which that individual had served.

In this case, appellant is not able to qualify under any of the various categories because he has proffered no evidence that he served with a government allied with the United States in World War II. *See* S.REP. NO. 94–694, 94th Cong., 2d Sess. 5 (1976), *reprinted in* 1976 U.S.C.C.A.N. 5219, 5222–23 (indicating that the Union of Soviet Socialist Republics and Czechoslovakia were considered United States allies during World War II; Hungary was not considered such an ally). In this instance, the only evidence that could conceivably be interpreted as indicating some form of qualifying military service consists of appellant's own statements that a Soviet Army officer ordered him to assist in cleaning out a school building for use as a military headquarters. Appellant has presented no official records or other such documentation that he served in either the Soviet or the Czechoslovak army. In situations involving other individuals seeking benefits under title 38, "[b]efore applying for benefits, a veteran must submit evidence of service and the character of the veteran's discharge. . . . A veteran . . . who fails to submit appropriate evidence never attains the status of claimant." *Aguilar v. Derwinski,* 2 Vet.App. 21, 23 (1991); *see also Grottveit v. Derwinski,* 5 Vet.App. 91, 92 (1993). Similarly here, appellant has provided no satisfactory evidence of service with an armed force in order to qualify for benefits under section 109(b).

In addition, appellant was not a United States citizen at the time that he was injured. Thus, appellant fails to meet this criterion of eligibility under section 109(b).

■ Section 109(c) is also of no avail to appellant as to health care benefits. Paragraph (1) requires satisfactory evidence of service "during World War I or World War II as a member of the armed force of the Government of Czechoslovakia or Poland and [participation] while so serving in armed conflict with an enemy of the United States." Paragraph (2) specifies what type of evidence of service an applicant for such benefits should provide:

> In order to assist the Secretary in making a determination of proper service eligibility under this subsection, each applicant for the benefits thereof shall furnish an authenticated certification from the French Ministry of Defense or the British War Office as to records in either such Office which clearly indicate military service of the applicant in the Czechoslovakian or Polish armed forces and subsequent service in or with the armed forces of France or Great Britain during the period of World War I or World War II.

Here, appellant has offered no such evidence.

Because appellant never achieved the status of claimant under sections 101(2), 1110, 1131, or 109(b) or (c), the Secretary had no duty to adjudicate his claim.

### III. CONCLUSION

For the reasons stated above, we AFFIRM the BVA's July 3, 1992, decision.

STEINBERG, Judge, concurring:

I join in the opinion of the Court through the first paragraph of part II. The remainder of the Court's analysis is an advisory opinion, since the appellant applied only for disability compensation and not for benefits under 38 U.S.C. § 109(b) or (c).

> Having resolved the *only* issue before the Court—[here disability compensation under 38 U.S.C. § 1110], the majority's opinion should have ended at that point. . . . From that point forward, the opinion contains nothing but dicta. . . . In so doing,

the majority creates the sort of "stew" that Justice Frankfurter cautioned against in *Bisso v. Inland Waterways Corp.*, 349 U.S. 85, 100, 75 S.Ct. 629, 637, 99 L.Ed. 911 (1955), where he stated, "A stew may be a delicious dish. But a stew is not to be made in law by throwing together indiscriminately decision and dicta...."

*Lasovick v. Brown*, 6 Vet.App. 141, 152 (1994), (Ivers, J., concurring in part and dissenting in part).

In *Lasovick,* the Court was attempting to rectify in "carefully considered" dictum, *id.,* 6 Vet.App. at 153, a problem which the Court had itself earlier created by use of overly broad language in expressing its holding in a prior opinion. No such situation is involved in the instant case. Also, unlike in *Lasovick,* the dictum here is not identified as such.

As to the instant case, "this Court, like all Courts, will have ample opportunity to deal with the issue[s] when an appropriate case is presented to it." *Ibid.* Until then, the Court should avoid making "overly broad pronouncements that are [not] warranted by the facts of this specific case...." *Ibid.* The rationalization that the Court presents for its adjudication [1] of claims not made could well be offered in support of any dictum. Moreover, the Court does not support with any citation its assertion that "Mr. Selley ... asked that he be awarded whatever benefit or benefits he might qualify for." *Ante* at 198. That assertion is, in fact, not substantiated by the record.

---

**1.** In its beneficence, the Court has taken up the role of factfinder regarding Mr. Selley's allegations about being "injured", the circumstances surrounding any such injury, and a Soviet Army officer's "instructions". *Ante* at 198.