**Aurelia v. MAYANG, Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

No. 94-836.

United States Court of Veterans Appeals.

Oct. 11, 1995.

Reconsideration Denied Nov. 28, 1995.

Aurelia Mayang, pro se.

Mary Lou Keener, General Counsel; Norman G. Cooper, Assistant General Counsel; Adrienne Koerber, Deputy Assistant General Counsel; and Vito A. Clementi, Washington, DC, were on the pleadings, for the appellee.

Before NEBEKER, Chief Judge, and FARLEY and MANKIN, Judges.

MANKIN, Judge:

The appellant, Aurelia V. Mayang, appeals the July 1, 1994, decision of the Board of Veterans' Appeals (BVA or Board) which found that the appellant was not a proper claimant because she did not satisfy the statutory requirements of 38 U.S.C. § 101(5) to be considered a foster parent. The appellant has filed an informal brief, and the Secretary has filed a motion for summary affirmance, acceptance of the motion in lieu of a brief, and a stay of proceedings. The Court has jurisdiction pursuant to 38 U.S.C. § 7252(a).

The Secretary's motion for summary affirmance is denied because this case does not fit the criteria for summary affirmance announced by the Court in *Frankel v. Derwinski*, 1 Vet.App. 23 (1990). For the reasons set forth below, the Court affirms the BVA decision of July 1994.

## I. FACTUAL BACKGROUND

The appellant is the sister of the deceased veteran, Clodualdo V. Mayang, who had qualified service. On the oath and certificate of enlistment, the veteran listed the appellant as his sister and someone to be notified in case of an emergency. The veteran also listed the appellant as his sister on an affidavit for Philippine Army Personnel.

The veteran died of pulmonary tuberculosis in September 1972. Identifying herself as the veteran's younger sister, the appellant submitted several letters requesting burial expenses and other VA benefits. In May 1982, the appellant submitted a letter identifying herself as the veteran's foster mother. In October 1989 and in May 1990, the appellant submitted additional letters stating she was the veteran's "foster sister."

In an August 1990 decision, the regional office (RO) denied the appellant's claim. The RO found that the appellant had failed to establish service connection for the cause of death and basic eligibility for benefits. In February 1991, the appellant submitted an affidavit from two of the veteran's neighbors. In the affidavit, the neighbors said that the veteran had returned from service with an illness. The claim was denied in a March 1991 RO decision. A Notice of Disagreement (NOD) was filed in April 1991, and the BVA denied service connection for the cause of the veteran's death in September 1991.

The appellant filed a claim for burial expenses which was denied in a September 1991 RO decision. In December 1991, the appellant filed another claim for service connection for the veteran's death. In a January 1992 decision, the RO confirmed and continued the prior denial of the appellant's claim. An NOD and a VA Form 1–9 were filed by the appellant.

Based on the appellant's statements in the NOD and the Form 1–9, the RO sent the appellant an April 1992 letter requesting her to clarify her relationship to the veteran. The appellant submitted a form in which she said that the veteran was placed in her care from "1936 to 1941" and "1946 to 1972." She also said that she was the last person who stood in relationship of mother to the veteran and that she took good care of the veteran. Two affidavits which support the appellant's statement that she supported the veteran before and after service were submitted in May 1992. The appellant also submitted a disability and indemnity application for parents. In a July 1992 decision, the RO found that the appellant was not entitled to recognition as the veteran's foster parent and denied the claim. That same month, two additional affidavits were submitted to the RO. These affidavits reiterated what was in the appellant's earlier statements. The RO denied the claim in an August 1992 decision, and the appellant filed an NOD. In a July 1994 decision, the Board found that the appellant was not a proper claimant and dismissed the claim.

## II. ANALYSIS

This is a case of first impression as to the proof required to establish entitlement as the foster parent (standing in the relationship of a parent) of a veteran, under 38 U.S.C. § 101(5). Section 101(5) provides:

The term "parent" means (except for purposes of chapter 19 of this title) a father, a mother, a father through adoption, a mother through adoption, or an individual who for a period of not less than one year stood in the relationship of a parent to a veteran at any time before the veteran's entry into active military, naval, or air service or if two persons stood in the relationship of a father or a mother for one year or more, the person who last stood in the relationship of father or mother before the veteran's last entry into active military, naval, or air service.

*See also* 38 C.F.R. § 3.59 (1994).

 An applicant claiming entitlement as the foster parent of a veteran has the burden to come forward with preponderating

evidence that he or she satisfies the statutory requirements of section 101(5). The applicant who fails to satisfy the burden never attains the status of claimant. *Aguilar v. Derwinski,* 2 Vet.App. 21, 23 (1991). When an applicant fails to attain the status of claimant, the Secretary is not obliged to determine whether the claim is well grounded, nor is he obliged to assist such a person in developing the facts pertinent to the claim. *Selley v. Brown,* 6 Vet.App. 196 (1994); *Aguilar, supra.*

 The Board stated in its decision:

> The veteran never referred to the appellant as his foster mother or like term, such as guardian, according to service personnel and medical records. He did, however, refer to her simply as his sister in several documents. Prior to filing her initial claim for service-connected death benefits in June 1990, the appellant also never referred to herself as the veteran's foster mother, except on one occasion.
>
> At the time of death of the last parent, the veteran was 18 or 19 years old. The appellant was not in a position to rear and nurture the veteran, that is, to stand as a parent to the veteran as she was only 13 or 14 years old when the parents died and only 15 years old when the veteran reached age 21.
>
> Although in some cases a foster parent may be younger than the foster child, usually the foster parent is of the age of majority and the foster child though older has a physical or mental disability which necessitates parental supervision and guidance. The record does not reveal that the veteran required (sic) because of a disability or would have acquiesced to parental guidance by his younger sister during the period from his eighteenth to his twenty-first birthday.
>
> Accordingly, the Board finds that the preponderance of the evidence is against recognition of the appellant as the veteran's foster mother.

*Clodualdo V. Mayang,* BVA 92–20 135, at 5 (July 1, 1994). As the Board decision shows, the appellant failed to come forward with preponderating evidence that she was, in effect, the veteran's foster mother. The Board also noted in its opinion that "[p]rior to filing her initial claim for service-connected death benefits in June 1990, the appellant also never referred to herself as the veteran's foster mother, except on one occasion." *Mayang,* BVA 92–20 135, at 5. The appellant failed to satisfy her burden and, therefore, the BVA found as fact that the appellant was not a proper claimant.

 Under 38 U.S.C. § 7261(a)(4), in order for this Court to overturn a BVA finding of fact, this Court must conclude that the finding is "clearly erroneous." If there is a plausible basis in the record for the factual determination, this Court cannot overturn the BVA's factual determination. *Gilbert v. Derwinski,* 1 Vet.App. 49, 53 (1990). The Court holds that the Board's finding that the appellant was not a proper claimant is not "clearly erroneous" because there is a plausible basis in the record for the finding. Because the appellant never achieved the status of claimant, the Secretary had neither a duty to assist under 38 U.S.C. § 5107(a) nor an obligation to adjudicate the appellant's claim. *See Sandoval v. Brown,* 7 Vet.App. 7 (1994); *see also Selley,* 6 Vet.App. at 199.

### III. CONCLUSION

Upon consideration of the record and the pleadings of the parties, the Court holds that the appellant has not demonstrated that the Board committed factual or legal error which would warrant reversal. *Gilbert,* 1 Vet.App. at 52–53; *see also Anderson v. City of Bessemer City,* 470 U.S. 564, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985); *Danville Plywood Corp. v. United States,* 899 F.2d 3 (Fed.Cir.1990).

Accordingly, the BVA decision of July 1, 1994, is AFFIRMED.