Susana J. AGUILAR, Appellant,

v.

Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.

No. 90–149.

United States Court of Veterans Appeals.

Submitted Oct. 18, 1991.

Decided Dec. 16, 1991.

**22**

Susana J. Aguilar, pro se.

Raoul L. Carroll, Gen. Counsel, Barry M. Tapp, Asst. Gen. Counsel, Pamela L. Wood, Deputy Asst. Gen. Counsel, and Joan E. Moriarty, were on the brief, for appellee.

Before NEBEKER, Chief Judge, and KRAMER and FARLEY, Associate Judges.

NEBEKER, Chief Judge, filed the opinion of the Court, in which FARLEY, Associate Judge, joined. KRAMER, Associate Judge, filed a separate concurring opinion.

NEBEKER, Chief Judge:

Appellant, Susana J. Aguilar, seeks review of a July 5, 1989, Board of Veterans' Appeals (BVA) decision which denied her claim for a widow's pension because she had not provided new and material evidence sufficient to grant a reopening of her claim. We affirm the BVA decision on a ground not considered by the BVA, and hold that appellant never proved her status as a claimant.

On September 3, 1953, appellant applied for compensation as the widow of a Filipino veteran. Included in her application was a marriage certificate signed by two witnesses, but not by the parish priest; she wrote that this was her first marriage. Since the veteran's father, Vicente Aguilar, had also filed for death compensation, the Claims Division of the Veterans' Administration (now the Department of Veterans Affairs) (VA) wrote to him asking why he had asserted that his son died without a surviving spouse. Mr. Aguilar replied that his son had never married, and that he knew appellant to be married to Urbano Hechanova.

The Claims Division asked appellant for an explanation. She replied that she had never been legally married to Urbano Hechanova although she had lived with him as his common law wife until 1934. In an October 29, 1955, VA Field Examiner's Report, Urbano Hechanova testified to having married appellant in 1929 before a justice of the peace. Appellant then admitted that she had married Hechanova, but asserted that since they had entered into a private agreement to separate in 1934, she believed she was free to marry the veteran in 1944. The report also revealed that neither appellant's asserted marriage to the veteran nor her marriage to Hechanova could be verified since all records of marriages, births, and deaths at the Local Civil Registrar were destroyed during the Japanese occupation of the Philippines during World War II.

In January of 1956, VA found appellant not to be the veteran's legal widow because she was already married at the time of her alleged marriage to the veteran; they consequently denied her claim. Appellant appealed this decision in 1964, but the BVA dismissed the appeal since it was not timely filed. Appellant requested reconsideration by the Board in 1971, but the Board replied

that it was currently without appellate jurisdiction over her claim and referred it to the attention of the Manila Regional Office which again found her not to be the legal widow of the veteran. On August 30, 1988, appellant attempted to reopen her claim for pension benefits, but the VA Regional Office (RO) found that she had not provided new and material evidence sufficient to grant a reopening of her claim. The BVA affirmed the RO decision on July 5, 1989. Appellant subsequently appealed to this Court under 38 U.S.C. § 7266 (formerly § 4066) claiming the BVA erred in finding that she had not submitted new and material evidence sufficient to reopen her claim.

■ Before applying for benefits, a veteran must submit evidence of service and the character of the veteran's discharge. If the veteran does not submit evidence, VA will request verification of service from the service department. 38 C.F.R. § 3.203(c) (1991). The same is true for a veteran's spouse seeking benefits. Section 3.205(a) provides a variety of ways in which a spouse may supply proof of marital status. 38 C.F.R. § 3.205(a) (1991). A veteran or spouse who fails to submit appropriate evidence never attains the status of claimant.

■ Consequently, the Secretary is not obliged to determine whether the claim is well-grounded, nor is he obliged to assist such a person in developing the facts pertinent to the claim. 38 U.S.C. § 5107. *See Murphy v. Derwinski*, 1 Vet.App. 78, 81 (1990) (quoting *Gilbert v. Derwinski*, 1 Vet.App. 49, 55 (1990)). Although VA has an obligation to assist a *claimant* in developing the facts pertinent to a well-grounded claim, to give a *claimant* the benefit of the doubt, and to render a decision which grants every benefit which can be supported in law while protecting the interests of the government, 38 C.F.R. § 3.103(a) (1991), this is not true for those who are not entitled to be called "claimants."

■ As a threshold matter, one claiming entitlement as the spouse of a veteran has the burden to come forward with preponderating evidence of a valid marriage under the laws of the appropriate jurisdiction. Where such evidence of a valid marriage is submitted, then the Secretary will determine whether the claim is otherwise well-grounded. Only if both elements are met is the Secretary obliged to assist the claimant both in developing relevant facts and in applying the equipoise rule. *Gilbert*, at 55 (veteran need only demonstrate approximate balance of positive and negative evidence to prevail).

■ Although the Manila Regional Office and the BVA gratuitously treated appellant as if she held the status of a claimant, it need not have accorded her the benefits and protections of title 38 as she never legitimately attained the status of a claimant. 38 U.S.C. § 5107(a). Accordingly, the decision of the BVA is AFFIRMED.

*It is so Ordered.*

KRAMER, Associate Judge, concurring.

Even though both the majority and the Board of Veterans' Appeals (BVA) ignore the fact that appellant's first marriage appears to have been annulled by court decree on August 25, 1972, I agree, nevertheless, that the BVA decision should be affirmed, but on a ground different from that postulated by the majority. In this case, the *preponderance of the evidence* is *against* the appellant on the issue of whether she was married to the veteran—especially in light of the lack of a marriage certificate, the appellant's non-truthful statements about her first marriage, and the affidavits of the veteran's father and others which dispute the appellant's alleged marriage to the veteran. Based on this record, the preponderance of the evidence is against the appellant on the issue of status and any BVA determination to this effect would have to be upheld by the Court. *See Gilbert v. Derwinski*, 1 Vet. App. 49 (1990).

While the majority opinion vaguely seems to suggest at pages 22–23, without authority, that a different (albeit undefined) standard of proof applies to establishing a claimant's status as a veteran or a veteran's spouse from that required to decide the merits of other issues material to a claim, no authority is cited for this implica-

tion. To the extent that the opinion is meant to convey such a result, I disagree.

The initial burden is on the claimant to present evidence of a well-grounded claim. *See* 38 U.S.C. § 5107(a) (formerly § 3007(a)). As suggested by subsection (b) of the same section, all "issue[s] material to the determination of the matter" are to be treated alike. *See* 38 U.S.C. § 5107(b) (formerly § 3007(b)). Thus, by definition, a well-grounded claim is one which must be well grounded as to each material issue, including the status of a claimant. *See Moore v. Derwinski*, 1 Vet.App. 401, 405 (1991) (while it need not be conclusive, a well-grounded claim must be plausible, either meritorious on its own or capable of substantiation). Once a claim is well-grounded, the claimant is to prevail unless the *preponderance of the evidence* is against the claimant on *any* material issue including status. *See* 38 U.S.C. § 5107(b) (formerly § 3007(b)) (when "there is an approximate balance of positive and negative evidence regarding the merits of an issue *material* [including status] *to the determination* of the matter, the benefit of the doubt in resolving *each such issue* shall be given to the claimant") (emphasis added); *Gilbert*, at 53–54 (in order to prevail on the merits of his claim, a claimant need only show that the evidence both for and against him is in relative equipoise).