**Louis Butler O'NEAL, Appellant,**

**v.**

**Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.**

**No. 91–181.**

United States Court of Veterans Appeals.

June 10, 1992.

Before FARLEY, Associate Judge.

MEMORANDUM DECISION

FARLEY, Associate Judge:

In its decision of January 11, 1991, the Board of Veterans' Appeals (Board or BVA) denied appellant's claim to entitlement to Department of Veterans Affairs (VA) death benefits as a child of a deceased veteran. A timely appeal to this Court followed. On October 23, 1991, appellant filed an informal brief. On December 16, 1991, the Secretary of Veterans Affairs (Secretary) filed a motion for summary affirmance, for acceptance of the motion in lieu of a brief and for a stay of proceedings. Appellant filed an objection to this motion on January 2, 1992.

The veteran, Keal O'Neal, served in the U.S. Army from June 18, 1918, to July 17, 1919. R. at 1. His son, appellant Louis B. O'Neal, was born on February 26, 1943. R. at 2. The veteran died on February 17, 1957, one week before appellant's fourteenth birthday. R. at 3. Appellant filed an application for dependency and indemnity compensation or death pension by surviving child on December 13, 1989. R. at 5. Appellant was notified of the rejection of

his claim in an adjudication officer's letter dated March 26, 1990. R. at 9. Appellant submitted an appeal to the BVA on July 20, 1990, and requested a hearing. In a letter dated October 18, 1990, appellant was informed that hearings can only be held at VA Regional Offices, and that his request to have one scheduled at his place of incarceration, a California state penitentiary, would be denied. Supplemental Record at 1. While a hearing was scheduled at the Regional Office, appellant did not attend.

In its decision of January 11, 1991, the BVA concluded, as a matter of law, that appellant had not met the criteria of a "child" for VA death pension benefits. The BVA based this conclusion on 38 C.F.R. § 3.57(a), which states, in pertinent part:

> [T]he term *child* of the veteran means an unmarried person who is a legitimate child ... or an illegitimate child; and
> (i) Who is under the age of 18 years; or
> (ii) Who, before reaching the age of 18 years, became permanently incapable of self-support; or
> (iii) Who, after reaching the age of 18 years and until completion of education or training (but not after reaching the age of 23 years) is pursuing a course of instruction at an approved educational institution.

The Board reasoned that, at the time of the decision, appellant was nearing his forty-eighth birthday and could not qualify under sections (i) or (iii), and because he had presented no evidence of becoming permanently incapable of self-support prior to reaching the age of eighteen, could not qualify under section (ii).

Appellant, in his pleadings, apparently argues that because he has submitted a well-grounded claim, the VA and BVA had a duty to recover certain records that allegedly document appellant's disabilities. He also apparently claims that the VA had a duty to offer him a hearing at the penitentiary, whereby he could testify about his disabilities. While appellant does not state the significance of this evidence, the Court presumes that appellant believes he meets the regulatory criteria of 38 C.F.R. § 3.57(a)(ii).

In *Aguilar v. Derwinski*, 2 Vet.App. 21 (1991), the Court held that, as a threshold matter, one claiming entitlement as a dependent of a veteran has the burden to come forward with preponderating evidence of that dependency relationship. When such evidence is submitted, the Secretary will then determine whether the claim is otherwise well-grounded. "Only if both elements are met is the Secretary obliged to assist the claimant both in developing relevant facts and in applying the equipoise rule." *Aguilar*, 2 Vet.App. at 23. In *Aguilar*, the appellant professed to have attained the status of claimant as a widow of a veteran. The Court held that because she had not established that she had been married to the veteran, the VA had no duty to assist her in developing the facts pertinent to her claim under 38 U.S.C. § 5107 (formerly § 3007). In particular, the VA had no duty to assist her in establishing her marriage to the deceased veteran.

Here, appellant asserts that the VA violated its duty to assist by not helping him produce evidence of the existence of disabilities. The Court presumes that appellant believes the evidence will show that he had become permanently incapable of self-support before reaching the age of 18 years. The Court holds that, as established in *Aguilar*, the VA had no duty to assist appellant in producing evidence establishing his status as a claimant. The Court further finds that the record is devoid of evidence that would establish appellant as a "child" under 38 C.F.R. § 3.57(a)(i), (ii) or (iii) for VA death benefits purposes.

Upon consideration of the record, appellant's informal brief, the Secretary's motion for summary affirmance, and appellant's opposition to that motion, it is the holding of the Court that appellant has not demonstrated that the Board committed either factual or legal error which would warrant reversal. *Gilbert v. Derwinski*, 1 Vet.App. 49 (1990); *see also Anderson v. City of Bessemer City*, 470 U.S. 564, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985); *Danville*

*Plywood Corp. v. United States,* 899 F.2d 3 (Fed.Cir.1990). Summary affirmance is appropriate when, as here, the issue is of relative simplicity and the outcome is not reasonably debatable. *Frankel v. Derwinski,* 1 Vet.App. 23 (1990). Accordingly, the Secretary's motion for summary affirmance is granted and the decision of the Board of Veterans' Appeals is AFFIRMED.