**Felisa M. SANDOVAL, Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

No. 92–168.

United States Court of Veterans Appeals.

Aug. 16, 1994.

Sean A. Kendall, Arnette Georges and Ruth Eisenberg, Washington, DC, were on the briefs, for appellant.

Mary Lou Keener, Gen. Counsel, Norman G. Cooper, Asst. Gen. Counsel, Andrew J. Mullen, Deputy Asst. Gen. Counsel, and Karen P. Galla, Washington, DC, were on the brief, for appellee.

Before KRAMER, FARLEY, and IVERS, Judges.

IVERS, Judge:

Felisa M. Sandoval appeals from a November 18, 1991, Board of Veterans' Appeals (BVA or Board) decision which denied her claim for recognition as the veteran's surviving spouse for the purpose of entitlement to death benefits. *Felisa M. Sandoval*, BVA 91–37057 (Nov. 18, 1991). The Court has jurisdiction of the case under 38 U.S.C. § 7252(a). For the reasons set forth below, the Court finds that the Board failed to assist the appellant in developing her claim, and that the BVA failed to provide reasons and bases for its determination.

## I. FACTUAL BACKGROUND

The veteran, Alfred Sandoval, had active service in the Philippine Military from 1942 to 1946. R. at 1. The appellant and the veteran were married on October 5, 1989. R. at 2. The veteran corresponded with VA between February and April 1990 requesting pension benefits for his spouse and educational benefits for his "two step children[ ]

who are under his support." R. at 5–7. The veteran died on April 20, 1990. R. at 9, 11.

The record contains an affidavit indicating that the veteran married the appellant in a church and that Florentino Magabo and Erlinda Abad sponsored the marriage. R. at 10. In September 1990, the appellant filed an Application for Dependency and Indemnity Compensation or Death Pension by a Surviving Spouse. R. at 13–16. In October 1990 the appellant was informed by the regional office (RO) that she did not qualify for benefits because she was not married to the veteran for one year or more prior to his death. R. at 17. A joint affidavit was submitted by neighbors which stated that the veteran and the appellant had been residing together as husband and wife since May 14, 1988. R. at 18, 21. The appellant submitted an affidavit attesting to the same facts. R. at 19, 22. She requested reconsideration of the decision. R. at 20.

The RO refused to reopen the claim, citing lack of new and material evidence as the basis. R. at 23, 26, 30. The appellant filed a Notice of Disagreement. R. at 31. A Statement of the Case was issued. R. a 33. The appellant appealed to the BVA. R. at 39. On November 18, 1991, the BVA denied entitlement to death benefits, stating:

... Where there is no valid marriage, death benefits may be granted where the claimant, without knowledge of any legal i[m]pediment, entered into a marriage with the veteran which, but for the impediment, would have been valid, and she thereafter cohabited with him for one year or more immediately before his death, or for any period of time if a child was born of the purported marriage or was born to them before such marriage. Such a purported marriage will be deemed to be a valid marriage by the Department of Veterans Affairs (VA). 38 U.S.C. [§] 103(a).

. . . .

The appellant has also argued that her attempted common-law marriage should be deemed valid by the VA. The Board does not dispute that the requirement of a ceremonial marriage by a jurisdiction which does not recognize common-law marriages

constitutes a "legal impediment" to such marriage for purposes of 38 U.S.C. [§] 103(a). VA Office of General Counsel Precedent Opinion 58–91 (June 17, 1991.) However, the evidence simply does not establish that the appellant did not have knowledge of such legal impediment. Rather, her knowledge may be inferred from her October 1990 affidavit in which she admitted to having begun living in a husband-and-wife relationship with the veteran in May 1988 "without the benefit of the marriage" and of having "sanctified" the marriage ceremonially in October 1989. Clearly, her statements indicate that she was aware that her "common law marriage" was not valid under Philippine law. Although the appellant reported living with the veteran in an ostensible marital relationship prior to their ceremonial marriage, their relationship would not qualify as a deemed valid marriage.

*Sandoval*, BVA 91–37057, at 4. The appellant filed a timely appeal with this Court.

## II.  ANALYSIS

### A.  Status as a Claimant

■ Before applying for benefits, a veteran's spouse must supply proof of her or his marital status. Section 3.205(a) provides a number of ways in which a spouse may prove her or his marital status. 38 C.F.R. § 3.205(a) (1993). One must submit the relevant documents in order to attain the status of a claimant. *Aguilar v. Derwinski*, 2 Vet. App. 21, 23 (1991). *But see Sarmiento v. Brown*, 7 Vet.App. 80 (1994) (where evidence of qualifying service is inadequate or nonexistent, Secretary has undertaken a duty to attempt to verify service with the appropriate service department. *See* 38 C.F.R. § 3.203(c)). Only a claimant is entitled to the Secretary's assistance in the development of the facts pertinent to the claim, the benefit of the doubt, and the determination whether the claim is well-grounded. *Aguilar*, 2 Vet. App. at 23; 38 U.S.C. § 5107; *Murphy v. Derwinski*, 1 Vet.App. 78, 81 (1990); *Sarmiento, supra.*

■ The Secretary has authority to "prescribe all rules and regulations" which are essential to carry out the laws administered by the VA. 38 U.S.C. § 501. Under the Secretary's regulation a recognized marriage is defined as one which is "valid under the law of the place where the parties resided at the time of marriage, or the law of the place where the parties resided when the right to benefits accrued." 38 C.F.R. § 3.1(j) (1993); *See also* 38 U.S.C. § 103(c). A surviving spouse who was married to the veteran for one year or more prior to the veteran's death would qualify for VA benefits. 38 U.S.C. § 103(a); 38 C.F.R. § 3.54(a)(1). However, according to the Secretary's own regulation and to 38 U.S.C. § 103(a), if the claimant entered into the marriage and it was "invalid by reason of a legal impediment, the marriage will nevertheless be deemed valid if [t]he claimant entered into the marriage without knowledge of the impediment...." 38 C.F.R. § 3.52(b) (1993); 38 U.S.C. § 103(a). In addition, the Secretary promulgated section 3.205(c) which states:

*(c) Marriages deemed valid.* ... the claimant's signed statement that he or she had no knowledge of an impediment to the marriage to the veteran will be accepted, *in the absence of information to the contrary,* as proof of that fact.

38 C.F.R. § 3.205(c) (1993) (emphasis added).

■ Once a spouse submits evidence of a valid marriage under the laws of the local jurisdiction, then the Secretary will determine if the claim is well grounded. When the status of claimant is established and the claim is well grounded, then the Secretary is "obliged to assist the claimant both in developing relevant facts and in applying the equipoise rule." *Aguilar*, 2 Vet.App. at 23; *see also Gilbert v. Derwinski*, 1 Vet.App. 49, 55 (1990) (to prevail, the claimant should demonstrate an approximate balance of positive and negative evidence). In this case, the appellant submitted the evidence required to prove that she was the lawful spouse of the deceased veteran, the minimum requirement under *Aguilar*, 2 Vet.App. at 23, and thus attained the status of a claimant.

### B.  Reasons and Bases

■ Pursuant to 38 U.S.C. § 7104(d)(1), a final decision of the Board must include "a

written statement of the Board's findings and conclusions, and the reasons or bases for those findings and conclusions, on all material issues of fact and law presented on the record...." This Court has held that the BVA must "articulate with reasonable clarity its 'reasons or bases' for decisions, and in order to facilitate effective judicial review, the Board must identify those findings it deems crucial to its decision and account for the evidence which it finds to be persuasive or unpersuasive." *Gilbert*, 1 Vet.App. at 57. Where the Board fails to fulfill this duty, the Court is precluded from effectively reviewing the adjudication. *See Meeks v. Brown*, 5 Vet.App. 284, 288 (1993); *Browder v. Brown*, 5 Vet.App. 268, 272 (1993). For the reasons set forth below, the Court holds that the BVA did not provide sufficient reasons and bases for its decision.

The appellant in her brief states that the VA General Counsel, in a VA memorandum, had previously conceded that for purposes of section 103 the requirement of a marriage ceremony by a jurisdiction which does not recognize common-law marriage constitutes a legal impediment to that marriage. *See* VA Gen.Coun.Prec. 58–91 (July 7, 1991). The General Counsel opinion relies upon an Attorney General opinion which stated:

> The language of section 103(a) is not in terms limited to any particular legal impediment to a marriage. That language is broad enough to cover the instant situation, and the legislative history does not suggest a narrower reading.
>
> . . . .
>
> Nor is there language elsewhere in section 103 which supports a narrow reading of the term "legal impediment...."

42 Op.Att'y Gen. 37 (1961).

It is uncontested that the appellant began cohabiting with the veteran in May 1988, and that they entered into a ceremonial marriage on October 5, 1989, less than one year prior to the veteran's death in April 1990. It is also uncontested that the Republic of the Philippines does not recognize common-law marriage. The appellant argues that she was not aware that common-law marriages are prohibited and that VA failed to assist her in developing her claim. The Secretary, on the other hand, argues that both the veteran and the appellant were aware that common-law marriages were not recognized by the Republic of the Philippines and that this is a factual determination for the Board to make. The Secretary is correct in that credibility is a factual determination for the BVA. *Smith v. Derwinski*, 1 Vet.App. 235, 237–38 (1991). However, the Secretary has failed to comply with 38 C.F.R. § 3.205(c) by neither providing the appellant with an opportunity to submit a "signed statement that ... she had no knowledge of an impediment to the marriage ..." nor, assuming the submission of such a statement, presenting "information to the contrary." 38 C.F.R. § 3.205(c); *see* 38 U.S.C. § 7104. Furthermore, the Board did not provide adequate reasons and bases for its inference that the appellant had the requisite knowledge of a legal impediment to the marriage. 38 U.S.C. § 7104(d)(1); *Gilbert*, 1 Vet.App. at 57.

## III. CONCLUSION

Upon consideration of the record, the appellant's pleadings, the Secretary's pleadings, and for the reasons stated above, the November 18, 1991, decision of the BVA is VACATED and the case REMANDED for readjudication consistent with this opinion.