**Teresa J. HOLMES, Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

**No. 95–1073.**

United States Court of Veterans Appeals.

Jan. 14, 1997.

Teresa J. Holmes, pro se.

Mary Lou Keener, General Counsel; Ron Garvin, Assistant General Counsel; Thomas A. McLaughlin, Deputy Assistant General Counsel; and Rosalind Eager, Washington, DC, were on the pleadings, for appellee.

Before NEBEKER, Chief Judge, and FARLEY and HOLDAWAY, Judges.

NEBEKER, Chief Judge:

The appellant, Teresa J. Holmes, appeals a September 29, 1995, decision of the Board of Veterans' Appeals (BVA or Board) which found that the character of the service member's discharge was a statutory bar to entitlement to VA benefits. The appellant submitted an informal brief, and the Secretary submitted a motion for summary affirmance in lieu of a brief. The Court does not find the motion for summary affirmance to be appropriate because the appeal does not meet the criteria for such action under *Frankel v. Derwinski,* 1 Vet.App. 23, 25–26 (1990). Nonetheless, upon due consideration

of the record and the relevant statutory and regulatory provisions, the Court will affirm the Board's decision for the following reasons.

## I. FACTS

The appellant's deceased husband, former service member Michael Holmes, served on active duty in the U.S. Army from October 1969 to February 1973. Record (R.) at 21–22. He initially enlisted for a three-year term in October 1969. *Ibid.* After serving one year and nine months, he was discharged for immediate reenlistment for a six-year period. R. at 22, 124. He served in Vietnam from July 17 through December 30, 1971. Upon returning to the United States, Mr. Holmes was absent without leave (AWOL) from March 1 to March 13, 1972, from March 25 to April 5, 1972, and from April 5 to December 11, 1972. R. at 32–33. After his apprehension by military authorities, he reported marital problems as the cause of his AWOL violation. R. at 33. A discharge for the good of the service was recommended by the commanding officer and not disputed by Mr. Holmes. R. at 33, 37–39. He signed a letter acknowledging that, because of the character of his discharge under other than honorable conditions (UOTHC), he might be ineligible for all VA benefits. R. at 37. On February 22, 1973, he was discharged UOTHC. R. at 22.

Mr. Holmes' first marriage ended while he was in service. R. at 135–36. He obtained a divorce from his second wife in May 1985, and subsequently married the appellant, Mrs. Teresa Holmes, in September 1988. R. at 16. On January 20, 1992, he committed suicide by inflicting a gunshot wound to his head. R. at 13. The death certificate also lists acute alcohol and drug intoxication as contributing factors in his death. *Ibid.* In February 1992, Mrs. Teresa Holmes filed for dependency and indemnity compensation (DIC) as the service member's surviving spouse. R. at 16. The regional office (RO) informed her that her husband's UOTHC discharge constituted a bar to VA benefits, and she filed a Notice of Disagreement with that decision in October 1992. R. at 103, 105. At a personal hearing before the RO, Mrs.

Holmes attributed her husband's in-service problems to his first marriage and his experiences in Vietnam. R. at 135–36. She also submitted two lay statements made by friends of Mr. Holmes, which both suggested that the Vietnam experience brought on his suicide. R. at 155–56. In July 1993, the RO again emphasized that the character of Mr. Holmes' discharge barred entitlement to the benefits sought. R. at 159–60. Specifically, the decision reasoned that "[t]he serviceman's pattern of AWOL started prior to ... completion of his original obligation and that his entire period of service from October 16, 1969[,] to February 22, 1973[,] constituted one period of service." *Ibid.* Moreover, because his third period of AWOL exceeded the statutory limit of 180 days (38 U.S.C. § 5303), without an upgraded discharge, no entitlement to benefits could be established. *Ibid.* Mrs. Holmes appealed, and the September 1995 BVA decision here presented for review followed. R. at 3–9.

The Board found that Mr. Holmes' discharge UOTHC was based on an AWOL period longer than 180 days, that no compelling reasons warranted the prolonged absence, and thus, "the character of the service member's discharge [barred] entitlement to VA benefits." R. at 5. Before this Court, Mrs. Holmes argues, inter alia, that because her husband's first discharge was honorable, she should be awarded DIC benefits on that basis. Alternatively, she submits that the benefit of doubt rule was not applied to her claim. Appellant's Brief at 1–2.

## II. ANALYSIS

A person seeking VA benefits must first establish by a preponderance of the evidence that the service member, upon whose service such benefits are predicated, has attained the status of veteran. *See Aguilar v. Derwinski,* 2 Vet.App. 21 (1991) (before applying for benefits, a person must demonstrate, by preponderance of evidence, qualifying service and character of discharge); *cf. Tulingan v. Brown,* 9 Vet.App. 484, 487 (1996) ("where a veteran has lost his status as a benefits-eligible claimant, he must establish it anew by a preponderance of the evidence"). Section 101(2) of title 38, United

States Code, defines "veteran" as "a person who served in the active military, naval, or air service, and who was discharged or released therefrom under conditions other than dishonorable." "Discharge or release" is defined to include:

(A) retirement from the active military, naval, or air service, and

(B) the satisfactory completion of the period of active military, naval, or air service for which a person was obligated at the time of entry into such service in the case of a person who, due to enlistment or reenlistment, was not awarded a discharge or release from such period of service at the time of such completion thereof and who, at such time, would otherwise have been eligible for the award of a discharge or release under conditions other than dishonorable.

38 U.S.C. § 101(18). As to Mrs. Holmes' argument that her husband's first period of service should render her eligible for DIC benefits, the Court notes section 101(18) and the applicable VA regulation, which states:

(a) A discharge ... to reenlist is a conditional discharge if it was issued during one of the following periods:

. . . .

(2) ... the Vietnam era; prior to the date the person was eligible for discharge under the point or length of service system.

. . . .

(b) Except as provided in paragraph (c) of this section, the entire period of service [involving a conditional discharge] constitutes one period of service and entitlement will be determined by the character of the final termination of such period of active service.

38 C.F.R. § 3.13 (1995). As the conditions enumerated in subsection (c) are not relevant to this appeal, the Court need not address them. The serviceman reenlisted after serving 21 months of a 36–month term, i.e., before the date when he would have become entitled to an honorable discharge. Thus, it is clear that Mr. Holmes' entire period of service, for VA purposes, must be viewed as one period, and benefit entitlement arises

from "the character of the final termination of such period." *Ibid.*

Mrs. Holmes argues that her husband's first period of service should be considered alone in determining eligibility for benefits. Even if she were correct that under section 101(18)(B), the first period of service (which would have ended in October 1972) could be viewed as a discrete portion of Mr. Holmes' service, the record reflects that Mr. Holmes' AWOL infractions occurred during what would have been part of that first three-year term. While the language is not a model of clarity, the Court interprets subsection (B) of 38 U.S.C. § 101(18) as defining "discharge or release" to include members who reenlist before completing their initial period of service, but who *would have been* eligible for discharges other than under dishonorable conditions at the time of the completion of the *initial* service obligation. Mr. Holmes could not have been so eligible based on his initial service obligation because his AWOL status in October 1972 precluded satisfactory completion of the initial service obligation and the award of the requisite discharge at that time. 38 U.S.C. § 5303(a).

In its decision, the BVA relied on 38 U.S.C. § 5303, which provides that AWOL periods longer than 180 days, absent compelling circumstances or evidence that the service member was insane at the time of the infraction, "shall bar all rights of such person under laws administered by the Secretary." Turning to the applicable regulation, the Court notes:

(c) Benefits are not payable where the former service member was discharged or released under one of the following conditions:

. . . .

(6) By reason of a discharge under other than honorable conditions issued as a result of an absence without official leave (AWOL) for a continuous period of at least 180 days. This bar to benefits entitlement does not apply if there are compelling circumstances to warrant the prolonged unauthorized absence.

38 C.F.R. § 3.12(c)(6) (1995). Mr. Holmes was AWOL for over 180 days between April and December 1972. Thus, absent "compel-

ling circumstances," or evidence of insanity at the time of the AWOL period, he and his survivors are not entitled to VA benefits as a matter of law. *Ibid.*

██ Regarding the noted exceptions, the Court holds that the Board had a plausible basis for its determination that neither compelling circumstances nor evidence of insanity were presented by the appellant. The Court reviews BVA factfinding under a "clearly erroneous" standard; "if there is a 'plausible' basis in the record for the factual determinations of the BVA, ... [the Court] cannot overturn them." *Gilbert v. Derwinski,* 1 Vet.App. 49, 53 (1990). The Court finds that there is a plausible basis in the record for the Board's decision, and that the Board's findings are supported by an adequate statement of reasons or bases. *Gabrielson v. Brown,* 7 Vet.App. 36, 40 (1994). Mrs. Holmes has not alleged that her husband was insane at the time of his AWOL violations, or that his marital problems and dislike for the Army at that time constituted the type of compelling circumstances as required by law. *See Struck v. Brown,* 9 Vet. App. 145, 152–54 (1996).

██ With respect to Mrs. Holmes' argument that she is entitled to the benefit of the doubt, as provided by 38 U.S.C. § 5107(b) and 38 C.F.R. § 3.102, we emphasize that when dealing with a question of status, this Court has held that the person seeking to establish that status must prove it by a preponderance of the evidence. *Rogers v. Derwinski,* 2 Vet.App. 419, 422 (1992). The benefit of the doubt doctrine is not applicable to a determination of that status. *See Struck,* 9 Vet.App. at 152. That doctrine applies only after an eligible claimant has submitted a well-grounded claim.

### III. CONCLUSION

Accordingly, the Secretary's motion for summary affirmance is DENIED, as the appeal presents issues appropriate for panel decision. The September 29, 1995, decision of the Board is AFFIRMED.