Citation Nr: 1456897 
Decision Date: 12/30/14 Archive Date: 01/09/15

DOCKET NO. 10-09 853 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Waco, Texas


THE ISSUE

Entitlement to service connection for diabetes mellitus Type 2, claimed as due to herbicide exposure.


REPRESENTATION

Appellant represented by: Texas Veterans Commission


WITNESS AT HEARING ON APPEAL

Appellant


ATTORNEY FOR THE BOARD

Kate Sosna, Associate Counsel

INTRODUCTION

The Appellant served on active duty from September 1961 to October 1964 and received an honorable discharge, and from October 1964 to February 1969 for which he was discharged under other than honorable conditions.

This matter is before the Board of Veterans' Appeals (Board) on appeal from decisions by the Department of Veterans Affairs (VA) Regional Office (RO) in Waco, Texas.

The Appellant provided testimony at a hearing before the undersigned Acting Veterans Law Judge (AVLJ) in October 2011. A transcript of this hearing is of record.

Subsequently, pursuant to a settlement agreement in the case of National Org. of Veterans' Advocates, Inc. v. Secretary of Veterans Affairs, 725 F. 3d 1312 (Fed. Cir. 2013), the Board sent the Appellant a letter notifying him of an opportunity to receive a new hearing and/or a new decision from the Board that would correct any potential due process error relating to the duties of the AVLJ that conducted the October 2011 hearing. See Bryant v. Shinseki, 23 Vet. App. 488 (2010). The Appellant requested to have the prior decision vacated and requested a new hearing. The June 2012 decision was vacated by the Board in June 2014. In October 2014 the Appellant provided testimony that was largely duplicative of the October 2011 testimony at another hearing before the undersigned AVLJ. A transcript of the October 2014 hearing is also of record.


FINDINGS OF FACT

1. Appellant served on active duty from September 1961 to October 1964, for which he received an honorable discharge, and from October 1964 to February 1969, for which he was discharged under other-than-honorable conditions.

2. The actions that led to the Appellant's discharge from service during his October 1964 to February 1969 period of active duty constituted willful and persistent misconduct.

3. The Appellant served in Vietnam the period of service that has been characterized as other-than-honorable.

4. Diabetes mellitus became manifest many years after the Veteran's period of honorable service and is not shown to be etiologically related to that period of honorable service.


CONCLUSION OF LAW

Service connection is not warranted for diabetes mellitus Type 2. 38 U.S.C.A. §§ 101, 1110, 5103, 5103A, 5107, 5303 (West 2014); 38 C.F.R. §§ 3.1, 3.12, 3.159, 3.303, 3.307, 3.309 (2014).


REASONS AND BASES FOR FINDINGS AND CONCLUSION

Preliminary Matters

In accord with the Veterans Claims Assistance Act of 2000 (VCAA), VA has an obligation to notify claimants what information or evidence is needed in order to substantiate a claim, as well as a duty to assist claimants by making reasonable efforts to get the evidence needed. See 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A and 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326(a) (2014); see also Quartuccio v. Principi, 16 Vet. App. 183, 187 (2002). 

The United States Court of Appeals for Veterans Claims (Court) has held that adequate notice, as required by 38 U.S.C. § 5103(a), must be provided to a claimant before the initial unfavorable AOJ decision on a claim for VA benefits. Pelegrini v. Principi, 18 Vet. App. 112, 120 (2004). In this case, the Appellant was sent pre-adjudication notice via letters dated in October 2007 and January 2008, both of which were prior to the AOJ's determinations in this case made in May 2008, March 2009, and the January 2010 SOC. 

In pertinent part, the October 2007 letter informed the Appellant of what was necessary to substantiate a service connection claim, what information and evidence he must submit, what information and evidence will be obtained by VA, and the need for the Veteran to advise VA of or to submit any evidence in his possession that was relevant to the case. As such, this correspondence fully complied with the notice requirements of 38 U.S.C. § 5103(a) and 38 C.F.R. § 3.159(b), as well as the Court's holding in Quartuccio, supra. Moreover, the October 2007 letter included information regarding disability rating(s) and effective date(s) as mandated by the holding in Dingess v. Nicholson, 19 Vet. App. 473 (2006). 

A subsequent January 2008 letter informed the Appellant that the character of his discharge from the October 1964 to January 1969 period of active duty may be a bar to VA benefits and an explanation as to why such may be the case, as well as providing the Appellant with the opportunity to present evidence regarding the events that led to his discharge from this period. As such, as detailed below, this letter informed the Appellant of relevant information regarding the adjudication of this case.

All the law requires is that the duty to notify is satisfied and that claimants are given the opportunity to submit information and evidence in support of their claims. Once this has been accomplished, all due process concerns have been satisfied. See Bernard v. Brown, 4 Vet. App. 384 (1993); see also 38 C.F.R. § 20.1102 (harmless error). In view of the foregoing, the Board finds that the Appellant was notified and aware of the evidence needed to substantiate his claim and the avenues through which he might obtain such evidence, and of the allocation of responsibilities between himself and VA in obtaining such evidence. Accordingly, there is no further duty to notify. In any event, the Appellant has not demonstrated any prejudice with regard to the content of any notice. See Shinseki v. Sanders, 129 S.Ct.1696 (2009) (reversing prior case law imposing a presumption of prejudice on any notice deficiency, and clarifying that the burden of showing that an error is harmful, or prejudicial, normally falls upon the party attacking the agency's determination).

In addition, the Board finds that the duty to assist a claimant in the development of his or her case has been satisfied. The Appellant's service treatment records are on file, as are various post-service medical records. Further, the Appellant has had the opportunity to present evidence and argument in support of his claim, to include at the October 2011 and October 2014 Board hearings. Nothing indicates he has identified the existence of any other relevant evidence that has not been obtained or requested. Although no VA medical examination was provided to the Appellant in this case, as detailed below the adjudication of this case depends upon the character of his discharge from the October 1964 to January 1969 period of active duty; there is no medical question at issue. In short, there is no reasonable possibility that any medical examination or opinion regarding the diabetes mellitus type II would aid in the resolution of this case. See 38 C.F.R. § 3.159(c)(4); see also McLendon v. Nicholson, 20 Vet. App. 79, 81 (2006).

With respect to the aforementioned October 2011 and October 2014 Board hearings, the Court held in Bryant v. Shinseki, 23 Vet. App. 488 (2010), that 38 C.F.R. 3.103(c)(2) requires that the RO official or VLJ who conducts a hearing fulfill two duties to comply with the above the regulation. These duties consist of (1) the duty to fully explain the issues and (2) the duty to suggest the submission of evidence that may have been overlooked. Here, during the hearings, the Appellant's representative noted the bases of the prior determinations in this case. Moreover, the testimony of the Appellant, to include the questions posed by his accredited representative demonstrated that he had actual knowledge of the elements necessary to substantiate his claim, as well as why the claim had been denied in this case. At both hearings the AVLJ did ask questions to clarify the Appellant's contentions, as well as the circumstances of the October 1964 to January 1969 period of active duty. Finally, neither the Appellant nor his representative has asserted that VA failed to comply with 38 C.F.R. 3.103(c)(2) at either hearing, nor has he identified any prejudice in the conduct of either hearing. As such, the Board finds that, consistent with Bryant, the duties set forth in 38 C.F.R. 3.103(c)(2) have been satisfied. 

In view of the foregoing, the Board finds that the duty to assist the Appellant has been satisfied in this case.

The Board has thoroughly reviewed the record in conjunction with this case. Although the Board has an obligation to provide reasons and bases supporting this decision, there is no need to discuss, in detail, the extensive evidence submitted by the appellant or on his behalf. See Gonzales v. West, 218 F.3d 1378, 1380-81 (Fed. Cir. 2000) (the Board must review the entire record, but does not have to discuss each piece of evidence). Rather, the Board's analysis below will focus specifically on what the evidence shows, or fails to show, on the claims. See Timberlake v. Gober, 14 Vet. App. 122, 129 (2000) (noting that the Board must analyze the credibility and probative value of the evidence, account for the evidence which it finds to be persuasive or unpersuasive, and provide the reasons for its rejection of any material evidence favorable to the claimant). 

When there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, the benefit of the doubt shall be given to the claimant. 38 U.S.C.A. § 5107(b). When a reasonable doubt arises regarding service origin, such doubt will be resolved in the favor of the claimant. Reasonable doubt is doubt which exists because of an approximate balance of positive and negative evidence which does not satisfactorily prove or disprove the claim. 38 C.F.R. § 3.102. The question is whether the evidence supports the claim or is in relative equipoise, with the claimant prevailing in either event, or whether a fair preponderance of the evidence is against the claim, in which event the claim must be denied. Gilbert v. Derwinski, 1 Vet. App. 49, 54 (1990). 

Legal Criteria and Analysis

The Appellant essentially contends that he has developed diabetes mellitus Type 2 as a result of in-service herbicide exposure while on active duty in the Republic of Vietnam. The testimony the Appellant provided at the October 2014 hearing (the only new evidence of record) is wholly consistent with the evidence of record at the time of the June 2012 Board decision.

The record confirms the Appellant had active service in the Republic of Vietnam during his October 1964 to February 1969 period of active duty, and not during the prior September 1961 to October 1964 period of active duty. As such, he is presumed to have been exposed to herbicides during his October 1964 to February 1969 period of active duty. See 38 U.S.C.A. § 1116.

Under the law, if a veteran was exposed to a herbicide agent during active military, naval, or air service, Type 2 diabetes (also known as Type II diabetes mellitus or adult-onset diabetes) shall be service-connected if the requirements of 38 C.F.R. § 3.307(a)(6) are met, even though there is no record of such disease during service, provided further that the rebuttable presumption provisions of 38 C.F.R. § 3.307(d) are also satisfied. 38 C.F.R. § 3.309(e). 

For the purposes of § 3.307, the term herbicide agent means a chemical in a herbicide used in support of the United States and allied military operations in the Republic of Vietnam during the Vietnam era. 38 C.F.R. § 3.307(a)(6)(i). Agent Orange is generally considered an herbicide agent and will be so considered in this decision.

Regardless of the question of herbicide exposure, service connection may be assumed for diabetes mellitus that becomes manifest to a compensable degree within one year after discharge from service, even if not shown during service. 38 C.F.R. § 3.309(a).

A person seeking VA benefits must first establish that he or she has attained the status of veteran. Holmes v. Brown, 10 Vet. App. 38 (1997). The term "veteran" means a person who served in the active military, naval, or air service and who was discharged or released under conditions other than dishonorable. 38 C.F.R. § 3.1(d). If the former service member did not die in service, pension, compensation, or dependency and indemnity compensation is not payable unless the period of service on which the claim was based was terminated by a discharge or release under conditions other than dishonorable. 38 U.S.C.A. § 101(2); 38 C.F.R. § 3.12. A discharge under honorable conditions is binding on the VA as to the character of discharge. 38 C.F.R. § 3.12(a). A discharge or release from service under specified conditions is a bar to the payment of benefits unless it is found that the person was insane at the time of committing the offense causing such discharge or release. 38 C.F.R. § 3.12(b).

Benefits are not payable where the claimant was discharged or released (1) as a conscientious objector; (2) by reason of the sentence of a general court-martial; (3) by resignation of an officer for the good of the service; (4) as a deserter; or (5) as an alien during a period of hostilities. 38 C.F.R. § 3.12(c)(1)-(c)(5) ; 38 U.S.C.A. 
§ 5303. The record does not show that any of these situations apply.

The Appellant's service records reflect that he was discharged from his October 1964 to February 1969 period of active duty for unfitness under conditions other than honorable.

An "other-than-honorable" discharge is considered to have been issued under dishonorable conditions if it is determined that it was issued because of willful and persistent misconduct. A discharge because of a minor offense will not, however, be considered willful and persistent misconduct if service was otherwise honest, faithful and meritorious. 38 C.F.R. § 3.12(d).

The Appellant's service record establishes that during a three-month period (June to September 1968) the he was repeatedly counseled by his chain of command for a pattern of delinquent debts to eight different creditors, four of whom were given worthless checks (either backed by insufficient funds or drawn on closed account) and four of whom were otherwise simply not paid for goods or services provided to the Appellant. Counseling statements and letters from several creditors show the Appellant had failed to meet these debts even after several of those creditors took a lenient attitude in attempting to make arrangements to assist him in eliminating the debts. 

The Appellant has insisted on appeal that he deeply wanted to remain in service, and he asserted during his hearing in October 2011 that he did not remember signing or initialing a statement acknowledging his conduct and requesting an undesirable discharge. Nonetheless, such a document is of record and shows the Appellant acknowledged his right to legal counsel, his understanding of the nature of the proceedings and his understanding of the consequences of his action. At the time the Appellant was a Sergeant and 24 years of age, and therefore of sufficient maturity to make an informed decision.

At the October 2014 hearing the Appellant reported that he remembers these counseling sessions more as edicts to pay the debts, and that he was not presented with options for addressing the problem. He has also consistently and credibly reported that the debts were made by his then-current spouse. While the Board is sympathetic to anyone who has such circumstances, these are factors that would have been considered by the Appellant's chain of command at the time, which was in the best position to weigh the Appellant's faithful and meritorious service against the nature of the offense and determine whether he should be retained in service. Further, the Appellant returned from Vietnam in October 1967, and the period of bad debts began in June 1968; thus, it cannot be said that his then-current spouse incurred debts of which he was unaware or beyond his influence. The Board must conclude that a three-month period of misconduct, for which the Appellant was repeatedly counseled by his superiors (even if such counseling was unsympathetic and/or unhelpful), was both persistent and willful. 

The law mandates that persistent and willful misconduct is a bar to VA benefits unless the claimant was insane at the time the offenses were committed. Nothing in the record reflects the Appellant was insane at the time of the misconduct that led to his discharge from service in February 1969.

In view of the foregoing, the Board finds that the character of the Appellant's discharge from his October 1964 to February 1969 period of active duty is a bar to an award of service connection for any disability incurred in or aggravated therein. As such, he is not entitled to service connection for diabetes mellitus Type II based upon the presumptive herbicide exposure that occurred during this period.

The Appellant received an honorable discharge for his September 1961 to October 1964 period of active duty, but there is no indication that Type 2 diabetes mellitus is etiologically related to this period of service. The Appellant's service treatment records clearly demonstrate he did not have diabetes mellitus during the presumptive period (October 1965-October 1966) so service connection may not be considered under 38 C.F.R. § 3.309(a). There is no indication the Appellant was exposed to herbicides during his first period of service. Simply put, there is nothing in the record that links the current disability to the Appellant's qualifying honorable period of service, nor does he contend otherwise. Therefore, his claim of service connection for diabetes mellitus Type II must be denied.

Because the evidence preponderates against the claim the benefit-of-the-doubt rule does not apply. Gilbert, 1 Vet. App. 49, 54.


ORDER

Entitlement to service connection for diabetes mellitus type II, claimed as due to herbicide exposure, is denied.




____________________________________________
JOHN H. NILON
Acting Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs