**Rose M. HARDEN, Appellant,**

v.

**Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.**

No. 91–402.

United States Court of Veterans Appeals.

March 18, 1992.

Before IVERS, Associate Judge.■

MEMORANDUM DECISION

IVERS, Associate Judge:

Appellant, Rose M. Harden, appeals from a February 1, 1991, decision of the Board

of Veterans' Appeals (BVA or Board). In that decision, the Board found that appellant was not married to the deceased veteran, Edward Harden, at the time of his death and therefore was not entitled to surviving spouse benefits. Appellant, proceeding *pro se*, argues on appeal to this Court that the Board's decision was clearly erroneous. The Secretary of Veterans Affairs (Secretary) has filed a motion seeking summary affirmance. The Court has jurisdiction of the case under 38 U.S.C. § 7252(a) (formerly § 4052(a)).

Veteran served in the United States Army from December 19, 1943, to February 19, 1946. Appellant married veteran on September 15, 1969, and received a divorce from him on February 14, 1985. R. at 8, 10–11. Veteran died on June 22, 1989. R. at 22. Appellant filed an application for dependency and indemnity compensation or death pension by a surviving spouse or child in September 1989 to the Department of Veterans Affairs (VA). R. at 1–13. She claimed that, after the divorce, she began to cohabit with veteran and that a common law marriage was formed. R. at 1, 56. On September 15, 1989, appellant was notified by the VA that her claim for death benefits was denied. R. at 14. The Board determined that appellant was not a recognized widow for the purposes of death and indemnity compensation (DIC) benefits because she did not remarry the veteran before he died. The Board denied DIC benefits to appellant. *In the Case of Edward E. Harden*, BVA 91–03308 (Feb. 1, 1991).

Section 3.1(j) of 38 C.F.R., defines marriage as "a marriage valid under the law of the place where the parties resided at the time of marriage, or the law of the place where the parties resided when the right to benefits accrued." Although the divorce occurred in Florida, there is nothing in the record that suggests that appellant or veteran were domiciled anywhere other than in Tennessee. Therefore, in determining which state's law applies under Section 3.1(j), the Court looks to Tennessee law. Tennessee does not recognize common law marriages. *See Smith v. North Memphis Savings Bank*, 115 Tenn. 12, 89 S.W. 392, 396 (1905) (intention of the General Assembly of Tennessee in enacting the State Code was to abrogate the common law in relation to marriages and provide a statutory scheme to govern marriages in the state). Tennessee does provide for marriage by estoppel, but only in exceptional cases. *Bass v. Bass*, 774 S.W.2d 170, 172 (1987). However, the facts in this case do not support such an argument. *See generally Crawford v. Crawford*, 198 Tenn. 9, 277 S.W.2d 389 (1955). Therefore, whether appellant lived continuously with veteran at the time of his death is inconsequential. A valid divorce was obtained, and, unless the parties reaffirmed the marriage according to Tennessee law, there was no marriage at the time of veteran's death. *Cf. Frankel v. Derwinski*, 1 Vet.App. 23 (1990) (former wife of veteran was not entitled to death pension benefits as surviving spouse, given fact that she and veteran were divorced prior to his death, despite her claim that civil divorce did not dissolve religious marriage; religious ceremony was irrelevant to benefits sought).

38 C.F.R. § 3.205(a) (1991) provides a variety of ways in which a spouse may supply proof of marital status. However, a spouse who fails to submit appropriate evidence never attains the status of claimant under 38 C.F.R. § 3.103(a) (1991). *See Aguilar v. Derwinski*, 2 Vet.App. 21, 22–23 (1991). In *Aguilar*, the Court held that appellant had not come forward with a preponderance of evidence of a valid marriage under the laws of the appropriate jurisdiction and therefore, never legitimately attained the status of a claimant. The reasoning behind *Aguilar* is applicable to the facts in this case. Thus, although the regional office and the BVA gratuitously treated appellant as if she held the status of a claimant, she need not have been accorded the protections of title 38 as she never legitimately attained status as a claimant. Summary disposition of the claim is appropriate. *See Frankel*. Accordingly, the Secretary's motion is GRANTED and the decision of the BVA is AFFIRMED.