Citation Nr: 1706016 
Decision Date: 02/28/17 Archive Date: 03/03/17

DOCKET NO. 13-10 633 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Reno, Nevada


THE ISSUE

Entitlement to an effective date earlier than November 4, 2009, for the grant of service connection for bilateral hearing loss, to include whether a January 1956 rating decision that denied service connection for bilateral hearing loss should be revised or reversed on the basis of clear and unmistakable error (CUE).


REPRESENTATION

Appellant represented by: Tiffany R. Bodger, Attorney


WITNESS AT HEARING ON APPEAL

Appellant




ATTORNEY FOR THE BOARD

D. Orfanoudis, Counsel


INTRODUCTION

The Veteran had active service from September 1951 to December 1954.

This matter comes before the Board of Veterans Appeals (Board) on appeal from a June 2011 rating decision of the Department of Veterans Affairs (VA), Regional Office (RO), in Oakland, California, that denied an effective date earlier than November 4, 2009, for the grant of service connection for bilateral hearing loss. Jurisdiction over the appeal is currently with the RO in Reno, Nevada. During the pendency of this appeal, the Veteran raised CUE in a January 1956 rating decision that denied service connection for bilateral hearing loss. A February 2013 Statement of the Case adjudicated the issue as captioned above that is currently before the Board.

In January 2013, the Veteran testified at a personal hearing over which a Decision Review Officer of the RO presided. In March 2014, the Veteran testified at a personal hearing over which a Veterans Law Judge of the Board presided while at the RO. A transcript of each hearing has been associated with his claims file. The provisions of 38 C.F.R. § 3.103(c)(2) impose two distinct duties on VA employees, including Board personnel, in conducting hearings: the duty to explain fully the issues and the duty to suggest the submission of evidence that may have been overlooked. Bryant v. Shinseki, 23 Vet. App. 488 (2010). During each of the hearings indicated above, the issue on appeal was clarified, and the Veteran was provided notice of the requirements for a successful claim for an earlier effective date and for establishing CUE. The Veteran was offered an opportunity to ask questions regarding his claim. He has not asserted that VA failed to comply with these duties; he has not identified any prejudice in the conduct of the respective hearings. The Board, therefore, concludes that it has fulfilled its duty under Bryant. 

In a July 2015 decision, the Board denied the Veteran's claim on appeal. The 
Veteran appealed the denial to the United States Court of Appeals for Veterans Claims (Court). In an August 2016 Order, based on a Joint Motion for Remand (Joint Motion), the Court vacated and remanded the Board's decision for compliance with the instructions in the Joint Motion. The case is now returned to the Board.

In January 2017, the Veteran was informed that the Veterans Law Judge who had conducted the March 2014 hearing was no longer employed by the Board and he, therefore, had the right to an additional hearing before a different Veterans Law Judge. In correspondence received in February 2017, the Veteran indicated that he did not wish to be scheduled for an additional hearing.

The Veteran's claims file has been converted into a paperless claims file via the Virtual VA and Veterans Benefits Management System (VBMS) paperless claims processing systems. All records in such files have been considered by the Board in adjudicating this matter. 

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2016). 38 U.S.C.A. § 7107(a)(2) (West 2014).


FINDINGS OF FACT

1. The January 1956 rating decision denying service connection for bilateral hearing loss was supported by the evidence then of record and was not undebatably erroneous; the record does not show that the correct facts, as they were known in January 1956, were not before the RO at that time, or that incorrect laws or regulations were applied or that correct laws or regulations were not applied.

2. The Veteran's initial claim of service connection for bilateral hearing loss was received in April 1955. The claim was denied in a January 1956 rating decision. The Veteran did not appeal that decision.

3. The Veteran filed a subsequent claim of service connection for bilateral hearing loss in November 1967. By letter dated later in November 1967, the RO notified the Veteran that new and material evidence was required to reopen the previously denied claim. The Veteran did not provide any additional evidence.

4. The Veteran filed an application to reopen his previously denied claim of service connection for bilateral hearing loss on November 4, 2009. Service connection subsequently was granted in December 2010, effective November 4, 2009.

5. There were no informal or formal claims, or written intent to file a claim for service connection for bilateral hearing loss within the year prior to the November 4, 2009, claim.


CONCLUSIONS OF LAW

1. The January 1956 rating decision that denied service connection for bilateral 
hearing loss was not clearly and unmistakably erroneous. 38 U.S.C.A. §410 (West 1964); 7105 (West 2014); 38 C.F.R. §§ 3.104, 3.105, 3.312 (1971 & 2016). 

2. The criteria for an effective date prior to November 4, 2009, for the grant of service connection for bilateral hearing loss, have not been met. 38 U.S.C.A. § 5110 (West 2014); 38 C.F.R. § 3.400 (2016).


REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

VA Duty to Notify and Assist

The Veteran's claim arises from his disagreement with the effective date assigned following the grant of entitlement to service connection. Once a claim is granted it is substantiated and additional notice is not required. Thus, any defect in the notice is not prejudicial. Hartman v. Nicholson, 483 F.3d 1311 (Fed. Cir. 2007). 

As to VA's duty to assist, the Board notes that pertinent records from all relevant sources identified by him, and for which he authorized VA to request, have been associated with the claims file. 38 U.S.C.A. § 5103A (West 2014). As such, the Board finds that there is no further action to be undertaken to comply with the provisions of 38 U.S.C.A. § 5103(a), § 5103A, or 38 C.F.R. § 3.159 (2016), and that the Veteran will not be prejudiced as a result of the Board's adjudication of his claim. 

Clear and Unmistakable Error

The Veteran argues that the January 1956 rating decision denying his claim of service connection for bilateral hearing loss was clear and unmistakable error (CUE), and that service connection should have been established effective from the day he was discharged from service. 

Specifically, in the January 1956 rating decision, the RO determined that the Veteran exhibited bilateral hearing loss at the time he was inducted into service, and there was no indication that this disorder was aggravated during service. The Veteran argues that the RO failed to consider a February 1954 audiogram which indicated that the Veteran's hearing had indeed worsened. In making this argument, he effectively asserts that this record may not have been of record at that time. 

A RO decision that has become final generally may not be reversed or amended in the absence of CUE. 38 U.S.C.A. § 5109A; 38 C.F.R. § 3.105a; 38 U.S.C.A. §§ 5108, 7105(c). There is a three-prong test for determining whether a prior determination involves CUE: (1) either the correct facts, as they were known at the time, were not before the adjudicator (i.e., there must be more than a simple disagreement as to how the facts were weighed or evaluated) or the statutory or regulatory provisions extant at the time were incorrectly applied; (2) the error must be undebatable and of the sort which, had it not been made, would manifestly have changed the outcome at the time it was made; and (3) a determination that there was clear and unmistakable error must be based upon the record and law that existed at the time of the prior adjudication in question. Damrel v. Brown, 6 Vet. App. 242 (1994); Russell v. Principi, 3 Vet. App. 40 (1993). 

CUE is a very specific and rare kind of "error." It is the kind of error, of fact or law, that when called to the attention of later reviewers compels the conclusion, to which reasonable minds could not differ, that the result would have been manifestly different but for the error. Thus, even where the premise of error is accepted, if it is not absolutely clear that a different result would have ensued, the error complained of cannot be, ipso facto, clear and unmistakable. Fugo v. Brown, 6 Vet. App. 40 (1993). 

With regard to the Veteran's specific argument, the Board recognizes that, when VA receives relevant service department which existed but had not been associated with the claims file when the claim was first decided, VA will reconsider the claim. See 38 C.F.R. § 3.156(c)(1) (2016). Moreover, an award made based on such records is effective the date entitlement arose or the date VA received the previously decided claim, whichever is later. 38 C.F.R. § 3.156(c)(3).

Based on the available evidence, the Board concludes that there was no CUE in the RO's January 1956 rating decision. As an initial matter, since this rating decision specifically notes that the Veteran had hearing loss that was noted upon induction. 
In this regard, the Veteran's electronic file includes an electronic copy of his original service treatment records. Although there is no date stamp associated with these records, the Board may reasonably infer from the January 1956 decision that they were part of the claims file at that time. 

As to whether the February 1954 audiogram was included with the other service treatment records at the time of the RO's January 1956 rating decision, it is a reasonable assumption that it was. Specifically, an original copy of the February 1954 audiogram is included in the same scanned document as the remaining service treatment records. Moreover, given that the Board may presume that government officials "have properly discharged their official duties," see United States v. Chemical Foundation, Inc., 272 U.S. 1, 14-15 (1926), the Veteran has not provided an argument persuasive enough to rebut this presumption. Therefore, the Veteran's arguments notwithstanding, the Board may presume that the February 1954 audiogram was of record at the time of the January 1956 rating decision. 

While the Board understands the Veteran's argument that RO may have not considered the February 1954 audiogram when it issued its January 1956 decision. This, however, is a question of how the facts were weighed, which may not be a basis for CUE. Moreover, the mere failure to discuss the audiogram does not serve as an indication that it was not reviewed. See Natali v. Principi, 375 F.3d 1375, 1380 (Fed. Cir. 2004) (holding that statements of reasons or bases in the regional offices' decisions were not required prior to "the Veterans' Benefits Amendments of 1989, Pub.L. No. 101-237, 103 Stat. 2062 (1988). 

For the reasons set forth above, the Board finds that the January 1956 was not undebatably erroneous. The record does not demonstrate that the correct facts, as they were known in January 1956, were not before the RO, or that the RO incorrectly applied statutory or regulatory provisions extant at that time, such that the outcome of the claim would have been manifestly different but for the error. 

Earlier Effective Dates

The effective date for the grant of service connection based upon a claim reopened after final disallowance, is either the date of receipt of the claim or the date entitlement arose, whichever is the later. 38 U.S.C.A. § 5110(b)(1) (West 2014); 38 C.F.R. § 3.400 (2016). A claim is a formal or informal communication, in writing, requesting a determination of entitlement or evidencing a belief in entitlement, to a benefit. 38 C.F.R. § 3.1(p) (2016). 

Any communication or action, indicating an intent to apply for one or more benefits under the laws administered by VA, from a claimant, his duly authorized representative, a Member of Congress, or some person acting as next friend of a claimant who is not sui juris, may be considered an informal claim. Such an informal claim must identify the benefit sought. Upon receipt of an informal claim, if a formal claim has not been filed, an application form will be forwarded to the claimant for execution. If received within one year after the date it was sent to the claimant, it will be considered filed as of the date of receipt of the informal claim. 38 C.F.R. § 3.155 (2016); Norris v. West, 12 Vet. App. 413 (1999). 

The Veteran's initial claim for service connection for bilateral hearing loss was filed at the RO in April 1955. This claim was denied in a January 1956 rating decision. The Veteran did not file a substantive appeal or statement which could be interpreted as a substantive appeal of that decision. 

Because the Veteran did not appeal the January 1956 decision within one year of receiving notification of the denial of the claim, the decision became final one year after notification of the denial. See 38 U.S.C.A. §410 (West 1964); 7105 (West 2002); 38 C.F.R. §§ 3.104, 3.105, 3.312 (1971 & 2016). Where a prior claim has been denied and a substantive appeal was not filed, the Veteran must file a new claim, and the effective date of service connection will not be earlier than the date of the receipt of the new claim, or the date entitlement arose, whichever is later. 38 C.F.R. §§ 3.158, 3.400(b). The Veteran filed a subsequent claim of service connection for bilateral hearing loss in November 1967. By letter dated later in November 1967, the RO notified the Veteran that new and material evidence was required to reopen the previously denied claim. The Veteran did not provide any additional evidence. This claim also became final one year later. 

The Veteran filed to reopen his previously denied claim of service connection for bilateral hearing loss on November 4, 2009. Service connection was subsequently granted in December 2010, effective November 4, 2009. Having determined that the January 1956 and November 1967 rating decisions are final, the date of claim for service connection is November 4, 2009. 

Next, the evidence also does not indicate that the Veteran submitted any documents or statements indicating an intent to file a claim during the year prior to November 4, 2009. Indeed, there do not appear to be any documents of record at all for this period of time. Therefore, there is no evidence of an informal claim in the year prior to November 4, 2009. Therefore, the effective date of the Veteran's bilateral hearing loss claim is November 4, 2009. 



ORDER

The January 1956 rating decision that denied service connection for bilateral 
Hearing loss was not clearly and unmistakably erroneous. 

An effective date prior to November 4, 2009, for the grant of service connection for bilateral hearing loss, is denied. 



____________________________________________
B. T. KNOPE
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs