﻿Citation Nr: AXXXXXXXX
Decision Date: 11/27/18 Archive Date: 11/27/18

DOCKET NO. 180829-93
DATE: November 27, 2018
ORDER
The motion to establish clear and unmistakable error with regards to the December 2001 rating decision that denied service connection for right ear hearing loss is denied.
The motion to establish clear and unmistakable error with regards to the December 2001 rating decision that denied service connection for left ear hearing loss is denied.
The motion to establish clear and unmistakable error with regards to the December 2001 rating decision that denied service connection for tinnitus is denied.
New and relevant evidence having been submitted, the application to reopen a previously denied claim for entitlement to service connection for left ear hearing loss is granted, and the claim is reopened. 
New and relevant evidence having been submitted, the application to reopen a previously denied claim for entitlement to service connection for tinnitus is granted, and the claim is reopened. 
New and relevant evidence having not been submitted, the application to reopen a previously denied claim for entitlement to service connection for right ear hearing loss is denied, and the claim is not reopened. 
REMANDED
Entitlement to service connection for left ear hearing loss is remanded.
Entitlement to service connection for tinnitus is remanded.
FINDINGS OF FACT
1. The Veteran was denied service connection for right ear hearing loss, left ear hearing loss, and tinnitus in December 2001 rating decision. The Veteran did not appeal the decision and the decision became final. 
2. The December 2001 rating decision denying service connection for right ear hearing loss, left ear hearing loss, and tinnitus was supported by the evidence then of record and was not undebatably erroneous. The record does not show that the correct facts as they were known in December 2001 were not before the RO at that time, or that incorrect laws or regulations were applied.
3. In a December 2001 rating decision, service connection for bilateral hearing loss and tinnitus were denied; a notice of disagreement and/or new and material evidence was not submitted within one year of notice of that decision. 
4. In a March 2005 rating decision, VA determined that new and material evidence had not been presented with respect to the claims for service connection for bilateral hearing loss and tinnitus; a notice of disagreement and/or new and material evidence was not submitted within one year of notice of that decision. 
5. The evidence added to the record since the March 2005 decision tends to prove the claims of entitlement to service connection for left ear hearing loss and tinnitus. 
6. The evidence added to the record since the March 2005 decision does not tend to prove the claim of entitlement to service connection for right ear hearing loss. 
CONCLUSIONS OF LAW
1. The December 2001 rating decision that denied service connection for right ear hearing loss was not clearly and unmistakably erroneous. 38 U.S.C. §§ 7105, 7111; 38 C.F.R. §§ 3.104, 3.105, 4.104, 20.1403.
2. The December 2001 rating decision that denied service connection for left ear hearing loss was not clearly and unmistakably erroneous. 38 U.S.C. §§ 7105, 7111; 38 C.F.R. §§ 3.104, 3.105, 4.104, 20.1403.
3. The December 2001 rating decision that denied service connection for tinnitus was not clearly and unmistakably erroneous. 38 U.S.C. §§ 7105, 7111; 38 C.F.R. §§ 3.104, 3.105, 4.104, 20.1403.
4. The December 2001 and March 2005 ratings decisions that denied the Veteran’s claim for entitlement to service connection for left ear hearing loss are final. 38 U.S.C. § 7105; 38 C.F.R. § 20.1103. 
5. As the evidence received subsequent to the March 2005 decision is new and relevant, the requirements to reopen the claim for entitlement to service connection for left ear hearing loss are met. 38 U.S.C. §§ 5108, 7105; 38 C.F.R. § 3.102. 
6. The December 2001 and March 2005 ratings decisions that denied the Veteran’s claim for entitlement to service connection for tinnitus are final. 38 U.S.C. § 7105; 38 C.F.R. § 20.1103. 
7. As the evidence received subsequent to the March 2005 decision is new and relevant, the requirements to reopen the claim for entitlement to service connection for tinnitus are met. 38 U.S.C. §§ 5108, 7105; 38 C.F.R. § 3.102.
8. The December 2001 and March 2005 ratings decisions that denied the Veteran’s claim for entitlement to service connection for right ear hearing loss are final. 38 U.S.C. § 7105; 38 C.F.R. § 20.1103. 
9. As the evidence received subsequent to the March 2005 decision is not new and relevant, the requirements to reopen the claim for entitlement to service connection for right ear hearing loss are not met. 38 U.S.C. §§ 5108, 7105; 38 C.F.R. § 3.102. 
REASONS AND BASES FOR FINDINGS AND CONCLUSIONS
On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. The Veteran chose to participate in VA’s test program RAMP, the Rapid Appeals Modernization Program. This decision has been written consistent with the new AMA framework.
The Veteran served on active duty from June 1952 to June 1956. On June 22, 2018, VA received the Veteran’s opt-in selection of a higher-level review of his appeal through RAMP. In a July 2018 rating decision, the higher-level reviewer denied the Veteran’s appeal. In September 2018, the Veteran requested a direct review of his appeal by the Board. Consequently, this case comes before the Board of Veterans’ Appeals (Board) on appeal from the July 2018 rating decision by the Department of Veterans Affairs (VA). 
As the current appeal stems from the Veteran’s initial selection of the higher-level review, in which he acknowledged that his review will be based upon the evidence submitted to VA as of the date of that election, only evidence through the date of the June 2018 opt-in election form will be considered.
The Board notes that, although never explicitly identified as such, the Veteran has asserted CUE with the December 2001 rating decision that originally denied claims for hearing loss and tinnitus. However, a reading of the rating decision and statement of the case reflects that whether there was CUE in the December 2001 decision was indeed addressed. As a result, these issues are also on appeal and ripe for adjudication. 
Clear and Unmistakable Error
A regional office decision that has become final generally may not be reversed or amended in the absence of CUE. 38 U.S.C. § 5109A; 38 C.F.R. § 3.105a; 38 U.S.C. §§ 5108, 7105(c). There is a three-prong test for determining whether a prior determination involves CUE: (1) either the correct facts, as they were known at the time, were not before the adjudicator (i.e., there must be more than a simple disagreement as to how the facts were weighed or evaluated) or the statutory or regulatory provisions extant at the time were incorrectly applied; (2) the error must be undebatable and of the sort which, had it not been made, would manifestly have changed the outcome at the time it was made; and (3) a determination that there was clear and unmistakable error must be based upon the record and law that existed at the time of the prior adjudication in question. Damrel v. Brown, 6 Vet. App. 242 (1994); Russell v. Principi, 3 Vet. App. 40 (1993). 
CUE is a very specific and rare kind of “error.” It is the kind of error, of fact or law, that when called to the attention of later reviewers compels the conclusion, to which reasonable minds could not differ, that the result would have been manifestly different but for the error. Thus, even where the premise of error is accepted, if it is not absolutely clear that a different result would have ensued, the error complained of cannot be, ipso facto, clear and unmistakable. Fugo v. Brown, 6 Vet. App. 40 (1993).
1. Whether the December 2001 rating decision that denied service connection for right ear hearing loss was clearly and unmistakably erroneous
2. Whether the December 2001 rating decision that denied service connection for left ear hearing loss was clearly and unmistakably erroneous
3. Whether the December 2001 rating decision that denied service connection for tinnitus was clearly and unmistakably erroneous
The Veteran asserts that the December 2001 rating decision that denied service connection for right ear hearing loss, left ear hearing loss, and tinnitus was the result of a clear and unmistakable error (CUE).
Specifically, the Veteran contends that the opinion provided by the examiner who conducted a November 2001 audiology examination, which played a critical role in the denial of service connection, was unreliable. According to the Veteran, the examiner based their conclusion on the fact that there were no military records showing hearing loss in service. The Veteran states that the examiner should have also opined on whether the Veteran’s exposure to hazardous noise during service was a contributing factor. Additionally, the Veteran states that the audiologist improperly equated the Veteran’s lack of knowledge that he had hearing loss until recently as evidence that he did not have a hearing loss disability until recently. Finally, the Veteran disputes the examination on the basis that the examiner was not an ear, nose, and throat specialist. 
Based on the available evidence, the Board concludes that there was no CUE in the regional office’s (RO’s) December 2001 rating decision. The Veteran is asserting that the incorrect facts were in front of the RO when it issued its December 2001 rating decision as a result of a faulty November 2001 examination. Even if this were an error, it does not reach the level of a clear and unmistakable error. As stated by the United States Court of Appeals for the Federal Circuit, “the only record that may be reviewed in the CUE analysis is the record that was before the RO at the time of the original decision. Evidence that should have been part of the record, but was not ... may not be considered.” Cook v. Principi, 318 F.3d 1334, 1346 (Fed. Cir. 2002). The Veteran alleges that the November 2001 examination was inadequate, but provision of an inadequate examination cannot constitute CUE. 
Moreover, the RO considered the correct facts as known at the time of the decision. Even if the Veteran asserts that the RO should have placed less weight on the November 2001 examination because of the alleged inadequacies, reasonable minds can differ on how to weigh different evidence. CUE claims are only available, however, for situations where reasonable minds could not differ. Placing too much weight on a piece of evidence does not constitute CUE.
Accordingly, the November 2001 VA examination and its use by the RO may not be considered undebatable error and therefore cannot constitute CUE. Russell v. Principi, 3 Vet. App. 310, 313 (1992).
New and Relevant Evidence
A claimant may request re-adjudication of a previously denied claim, if new and relevant evidence is presented or secured. VA will readjudicate the claim taking into consideration all of the evidence of record. New evidence means existing evidence not previously submitted to agency decisionmakers. The term “relevant evidence” means evidence that tends to prove or disprove a matter in issue. The standard shall not be construed to impose a higher evidentiary threshold than the new and material evidence standard that was in effect prior to the date of the enactment of the Appeals Modernization Act. See 38 U.S.C. § 5108; Pub. L. No. 115-55. 
4. Whether new and relevant evidence has been received to reopen the claim for entitlement to service connection for left ear hearing loss
5. Whether new and relevant evidence has been received to reopen the claim for entitlement to service connection for tinnitus
6. Whether new and relevant evidence has been received to reopen the claim for entitlement to service connection for right ear hearing loss
The Veteran is seeking service connection for the previously-denied claims of bilateral hearing loss and tinnitus. Based on the additional evidence added to the record since the previous final denial of the Veteran’s claims for entitlement to service connection, the Board finds that new and relevant evidence has been added to the record with respect to the claims of left ear hearing loss and tinnitus, but not with respect to the claim of right ear hearing loss.
The Veteran’s bilateral hearing loss and tinnitus claims were originally denied in a December 2001 rating decision. A review of that rating decision reveals that at the time, VA declined to grant service connection for left ear hearing loss and tinnitus after citing a VA examiner’s opinion that his left ear hearing loss and tinnitus were due to noise exposure from his civilian job. VA denied the Veteran’s right ear hearing loss claim on the basis that the VA examination did not show a current hearing loss disability for VA purposes. He did not submit a notice of disagreement with the adverse decision. Additionally, new and material evidence pertaining to the issues was not received by VA or constructively in its possession within one year of written notice to the Veteran of the December 2001 rating decision. Therefore, that decision became final.
In October 2004, the Veteran filed a new claim for service connection for bilateral hearing loss and tinnitus. His claims were denied in a March 2005 rating decision. VA concluded that he still did not have a right ear hearing loss disability. With regards to left ear hearing loss and tinnitus, he submitted lay statements from others attesting to previous hearing loss and tinnitus. He also submitted a positive nexus opinion for left ear hearing loss. However, VA did not deem the evidence sufficient to reopen the claim. He did not submit a notice of disagreement with the adverse decision. Additionally, new and material evidence pertaining to the issues was not received by VA or constructively in its possession within one year of written notice to the Veteran of the March 2005 rating decision. Therefore, that decision became final and represents the last final decision.
Since the last final decision, the Veteran has submitted medical articles from the National Institutes of Health (NIH), American Hearing Research Foundation, and Mayo Clinic. The articles contain information indicating that noise-induced hearing loss can be immediate or take a long time to become noticeable. The articles also include information that damage from noise exposure is usually gradual so the person may not notice it. Additionally, loud noise exposure can also cause tinnitus. It may subside over time, but can sometimes continue constantly or occasionally throughout a person’s life. The Veteran also submitted an article describing damage that can occur to the ear by loud sounds. 
The Board concludes that the articles submitted by the Veteran tend to prove that the Veteran’s left ear hearing loss and tinnitus may be related to military service. The articles directly address the critical nexus element that is in contention. However, the Board has determined that the submitted articles do not tend to prove that the Veteran’s right ear hearing loss may be related to military service. Even after the articles are taken into account, the Veteran still does not have a current disability with respect to his right hearing loss claim. Therefore, the articles do not tend to prove the claim. Consequently, the Board finds that new and relevant evidence has been presented with respect to the Veteran’s claims for service connection for left ear hearing loss and tinnitus, but not for right ear hearing loss.
REASONS FOR REMAND
1. Entitlement to service connection for left ear hearing loss is remanded.
2. Entitlement to service connection for tinnitus
The Veteran is seeking service connection for left ear hearing loss and tinnitus. In November 2016, he submitted two medical articles for consideration. The first article, which was produced by the National Institutes of Health, indicates that hearing loss can take a long time to become noticeable as damage from noise exposure is usually gradual. Additionally, loud noise exposure can also cause tinnitus. It may subside over time, but can sometimes continue constantly or occasionally throughout a person’s life. The Veteran also submitted an article by the Mayo Clinic describing damage that can occur to the ear by loud sounds. 
The issues of entitlement to service connection for left ear hearing loss and tinnitus are remanded to correct a duty to assist error that occurred prior to the July 2018 rating decision on appeal. The Agency of Original Jurisdiction (AOJ) did not obtain an addendum VA medical opinion to address the additional relevant medical articles that support the Veteran’s contentions. However, based on the evidence associated with the claims file prior to the June 2018 opt-in to the RAMP program via higher-level review, the Board finds that a VA medical opinion is required to address the additional medical evidence. 
The matter is REMANDED for the following action:
Obtain an addendum opinion from an appropriate clinician regarding whether the Veteran’s left ear hearing loss and tinnitus are at least as likely as not related to service. The examiner should take into account the articles from the National Institutes of Health, American Hearing Research Foundation, and the Mayo Clinic submitted by the Veteran. 

 
B.T. KNOPE
Veterans Law Judge
Board of Veterans’ Appeals
ATTORNEY FOR THE BOARD A. Borman, Associate Counsel