﻿Citation Nr: AXXXXXXXX
Decision Date: 12/04/18 Archive Date: 12/04/18

DOCKET NO. 180814-265
DATE: December 4, 2018
ORDER
The motion to establish clear and unmistakable error with regards to the mooting of a total disability rating based on individual unemployability (TDIU) in a December 1979 rating decision is denied.
The motion to establish clear and unmistakable error with regards to the improper application of 38 C.F.R. 3.343(a) in the reduction of a rating for a psychiatric disorder from 100 percent to 50 percent in a December 18, 1980, rating decision is denied.
FINDINGS OF FACT
1. The Veteran’s claim asserting clear and unmistakable error with regards to the mooting of a TDIU in a December 1979 rating decision is denied as a matter of law.
2. The December 18, 1980, rating decision reducing the Veteran’s psychiatric disorder from 100 percent to 50 percent was supported by the evidence then of record and was not undebatably erroneous. The record does not show that the correct facts, as they were known in December 1980, were not before the regional office at that time, or that incorrect laws or regulations were applied.
CONCLUSIONS OF LAW
1. The criteria for the motion to establish clear and unmistakable error with regards to the mooting of a TDIU in a December 1979 rating decision have not been met. 38 C.F.R. § 3.105.
2. The criteria for the motion to establish clear and unmistakable error with regards to the improper application of 38 C.F.R. 3.343(a) in the reduction of a rating for a psychiatric disorder from 100 percent to 50 percent in a December 18, 1980, rating decision have not been met. 38 U.S.C. § 5109A, 7105; 38 C.F.R. § 3.105(a), 3.343(a).
REASONS AND BASES FOR FINDINGS AND CONCLUSIONS
On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. The Veteran chose to participate in VA’s test program RAMP, the Rapid Appeals Modernization Program. This decision has been written consistent with the new AMA framework.
The Veteran served on active duty from June 1975 to December 1976. On April 3, 2018, VA received the Veteran’s opt-in selection of a higher-level review of his appeal along with an informal conference through RAMP. An informal hearing was conducted in July 2018. In a July 2018 rating decision, the higher-level reviewer denied the Veteran’s appeal. In August 2018, the Veteran requested a direct review of his appeal by the Board. Consequently, this case comes before the Board of Veterans’ Appeals (Board) on appeal from the July 2018 rating decision by the Department of Veterans Affairs (VA). 
As the current appeal stems from the Veteran’s initial selection of the higher-level review, in which he acknowledged that the review will be based upon the evidence submitted to VA as of the date of that election, only evidence through the date of the April 2018 opt-in election form will be considered.
Clear and Unmistakable Error (38 C.F.R. § 3.105)
A RO decision that has become final generally may not be reversed or amended in the absence of CUE. 38 U.S.C. § 5109A; 38 C.F.R. § 3.105a; 38 U.S.C. §§ 5108, 7105(c). There is a three-prong test for determining whether a prior determination involves CUE: (1) either the correct facts, as they were known at the time, were not before the adjudicator (i.e., there must be more than a simple disagreement as to how the facts were weighed or evaluated) or the statutory or regulatory provisions extant at the time were incorrectly applied; (2) the error must be undebatable and of the sort which, had it not been made, would manifestly have changed the outcome at the time it was made; and (3) a determination that there was clear and unmistakable error must be based upon the record and law that existed at the time of the prior adjudication in question. Damrel v. Brown, 6 Vet. App. 242 (1994); Russell v. Principi, 3 Vet. App. 40 (1993). 
CUE is a very specific and rare kind of “error.” It is the kind of error, of fact or law, that when called to the attention of later reviewers compels the conclusion, to which reasonable minds could not differ, that the result would have been manifestly different but for the error. Thus, even where the premise of error is accepted, if it is not absolutely clear that a different result would have ensued, the error complained of cannot be, ipso facto, clear and unmistakable. Fugo v. Brown, 6 Vet. App. 40 (1993).
The Veteran originally filed a claim for a psychiatric disorder and TDIU, among other claims, on December 8, 1976. In an October 1977 rating decision, the Veteran was assigned a 70 percent rating for a psychiatric disorder as of December 4, 1976, the day after his discharge from service. The regional office deferred a decision on awarding a TDIU. In an April 1978 rating decision, the regional office denied a TDIU and proposed to reduce the Veteran’s disability rating for his psychiatric disorder from 70 percent to 50 percent, effective July 1, 1978. The Veteran properly appealed TDIU denial and his reduction. In a December 1979 rating decision, the regional office reversed the reduction and instead granted the Veteran a total schedular rating for his psychiatric disorder as of October 2, 1978, the date of a psychiatric hospitalization. He retained a 70 percent rating from December 4, 1976, to prior to October 2, 1978. The regional office also informed the Veteran that the grant of a total rating for the Veteran’s psychiatric disorder rendered his appeal of the denial of his TDIU claim moot. 
On December 2, 1980, the regional office proposed to sever service connection for his psychiatric disability. However, in a December 18, 1980 rating decision, the regional office informed the Veteran that it instead planned to reduce his disability rating for his psychiatric order from 100 percent to 50 percent, effective March 1, 1981. The reduction was implemented as of that date. The Veteran was later awarded a TDIU as of December 7, 1994.
1. The motion to establish clear and unmistakable error with regards to the mooting of a TDIU in a December 1979 rating decision
The Veteran has filed a claim asserting a clear and unmistakable error (CUE) with regards to the December 1979 rating decision. In a detailed memorandum, the Veteran’s attorney asserts that the regional office incorrectly determined that the grant of a 100 percent rating for a psychiatric disorder mooted the Veteran’s TDIU claim. Rather, the Veteran’s attorney argues that a TDIU should have still been considered by the regional office prior to October 2, 1978 — the date when he received his TDIU. The Veteran now seeks a finding of CUE that would allow him to obtain an effective date of December 4, 1976, for his TDIU. 
The Board notes that the Veteran has previously filed a CUE claim with respect to the January 1980 award letter informing the Veteran of the December 1979 rating decision. Therefore, the award letter and rating decision are one and the same. The Board adjudicated the Veteran’s claim in an October 1997 decision. At that time, the Veteran similarly argued that there was CUE in the regional office’s determination that his TDIU claim was moot following the December 1979 rating decision. The Veteran cited VA’s alleged erroneous determination that the TDIU claim was withdrawn as a result of the award of a total rating for the Veteran’s psychiatric disability, which prohibited him from further pursuing his TDIU claim. The Board denied that there was CUE and stated that the failure to comply with the duty to assist cannot form a basis for a claim of CUE. In a September 2000 decision, the U.S. Court of Appeals for Veterans Claims (“the Court”) determined that the issue of entitlement to a TDIU was rendered moot by the grant of the total schedular rating for the Veteran’s psychiatric rating.
In this case, the Board concludes that the Veteran’s assertion of CUE must be denied as a matter of law. The Court recently issued a decision in the case of Porriello v. Shulkin, 30 Vet. App. 1, 12 (2018). In that decision, when analyzing a veteran’s filing of a CUE claim, the Court determined that the doctrine of res judicata precludes claims when (1) there is a prior valid and final decision; (2) the latter claim involves the same claim or cause of action litigated in the first case; (3) the decision in the original action must have been on the merits; and (4) the same parties must be involved in both cases. See Bissonnette v. Principi, 18 Vet. App. 105, 110 (2004). 
In this case, the Board first notes that its October 1997 decision became final with respect to the issue at hand. Unless the Chairman of the Board orders reconsideration, all Board decisions are final as of the date of issuance. 38 C.F.R. § 20.1100(a). Notably, the Court affirmed the Board’s prior decision with respect to the mooting of a TDIU. Next, the Board has determined that the claim currently on appeal is duplicative of the prior adjudicated claim. Both before and now, the Veteran has asserted error regarding the December 1979 rating decision as a result of the improper withdrawal of the Veteran’s TDIU claim after a total schedular rating was assigned. The same set of facts exists between this claim and the prior claim. Moreover, both the Board and the Court determined the Veteran’s prior CUE assertion on the merits. There were no procedural issues prohibiting a full analysis of the claim. Finally, the Veteran and VA are the same parties in both actions.
Consequently, the Board concludes that the Veteran’s claim for a revision of the December 1979 rating decision on the basis of CUE is denied as a matter of law. 38 C.F.R. § 3.105. See also Olson v. Brown, 5 Vet. App. 430,433 (1993) (“Once there is a final decision on a particular claim of CUE, that particular claim of CUE may not be raised again; it is res judicata.”).
2. The motion to establish clear and unmistakable error with regards to the improper application of 38 C.F.R. 3.343(a) in the reduction of a rating for a psychiatric disorder from 100 percent to 50 percent in a December 18, 1980 rating decision
The Veteran has filed a claim asserting a clear and unmistakable error (CUE) with regards to the December 1980 rating decision. In a detailed memorandum, the Veteran’s attorney asserts that the regional office incorrectly applied 38 C.F.R. 3.343(a), which refers to the continuance of a total disability rating. Specifically, the Veteran’s attorney argues that the Veteran did not demonstrate material improvements in his service-connected psychiatric condition under the ordinary conditions of life when his psychiatric rating was reduced from a total rating to 50 percent, effective March 1, 1981. The Veteran is seeking a restoration of the total rating from March 1, 1981, to December 7, 1994.
The Board finds that statutory and regulatory provisions extant at the time were correctly applied. As a result, the Board concludes that there was no CUE with regards to the December 1980 rating decision. 
The Veteran’s total rating was justified as seen by an October 1978 hospitalization and a September 1979 psychiatric examination. The Veteran was assigned a total schedular rating for his psychiatric disorder as of October 2, 1978, the date of the beginning of the psychiatric hospitalization. He entered the hospital with complaints of stomach trouble, diarrhea, and vomiting. He was discharged from the hospital on October 12, 1978, after a physician determined that his condition improved to the point where he was considered partially employable. The Veteran’s psychiatric status remained unchanged through September 1979, when he submitted to a psychological evaluation. He reported that he was tense all the time and uncomfortable around people. The psychiatrist diagnosed him with hysterical neurosis, conversion. The condition was deemed to be severe, chronic, and active. Although the psychiatrist found the Veteran to be competent, he did not appear to the psychiatrist to be capable of gainful employment.
Despite the Veteran’s condition during his prior hospitalization and medical examination, the Veteran underwent two psychiatric examinations in 1980 whose results are sufficient to justify a rating reduction. In July 1980, the Veteran was examined by a neuropsychiatrist. The neuropsychiatrist noted the Veteran’s complaints of severe physical ailments. The neuropsychiatrist further noted that although the Veteran complained about some anxiety, but he mainly complained about psychosomatic pains. The neuropsychiatrist diagnosed him with hysterical neurosis, conversion type, severe, with a guarded prognosis. Despite the Veteran’s current condition, the neuropsychiatrist stated that he would very much benefit from Vocational Rehabilitation.
The Veteran later appeared before a panel of two psychiatrists in October 1980. The psychiatrists noted the Veteran’s statement that he plays the flute and reads as well as goes fishing during the summer. He stated that he had been unable to find or hold a job as he becomes very nervous in a pressured situation. He further stated that he was a diesel mechanic by trade, but cannot do the work due to his back condition. The psychiatrists observed that the Veteran tended to magnify the extent of his problems and spent his energy attempting to justify his claims for compensation and denying his ability to work. The psychiatrists concluded that he was intellectually superior and was skilled at enlisting the support of VA examiners. The psychiatrists further concluded that there was no evidence of hysterical neurosis. Rather, the Veteran had compensation neurosis. They then concluded that the degree of impairment due to his psychiatric condition is likely to be considerable until all claims for compensation have been finally settled, at which point he may become employable.
In December 1980, the regional office determined that the Veteran’s condition was stable and under good control. The Board notes that the evidence supports that the Veteran was able to engage in multiple hobbies and had less severe physical problems. Importantly, the regional office determined, and the Board agrees, that the Veteran’s condition did not preclude substantially gainful employment. As opposed to when the Veteran was initially awarded a total rating based on his psychiatric hospitalization, the July 1980 neuropsychiatrist noted the Veteran’s eligibility for Vocational Rehabilitation. Moreover, the October 1980 psychiatrists were even more optimistic. They stated that the Veteran’s psychiatric condition was only hindered by the compensation claims he filed. 
The Board finds that there was sufficient evidence to support reducing the Veteran’s psychiatric disorder from a total rating to a 50 percent rating under 38 C.F.R. § 3.343(a). Consequently, there was no clear and unmistakable error in the December 18, 1980, rating decision.
 
B.T. KNOPE
Veterans Law Judge
Board of Veterans’ Appeals
ATTORNEY FOR THE BOARD A. Borman, Associate Counsel